KISER, Annie C. and Kiser, Annie C. as Administratrix of the Estate of Kiser, Everett W., Appellant

v.

GENERAL ELECTRIC CORPORATION, Parker-Hannifin Corporation and Eaton Corporation and Does 1–5.

No. 87–1023.

United States Court of Appeals, Third Circuit.

Argued July 6, 1987.

Decided Oct. 14, 1987.

As Amended Oct. 27, 1987.

Valerie Ansel Karpman (argued), Bailey and Karpman, San Francisco, Cal., Michael Kleeman, Kleeman & Abloeser, P.C., Philadelphia, Pa., for appellant.

John M. O'Brien, III (argued), O'Brien and O'Brien, Philadelphia, Pa., for appellee Parker-Hannifin Corp.

Before HIGGINBOTHAM and BECKER, Circuit Judges, and BARRY, District Judge.[*]

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, JR., Circuit Judge.

This appeal concerns a district court order that affirmed its prior order dismissing a complaint without first considering appellant's request, or her subsequent motion, for leave to amend her complaint. We find that the district court should have granted appellant's request or her motion for leave to amend, and that the district court thus acted improperly when it dismissed the complaint without even addressing appellant's request or motion to amend. Accordingly, we will reverse the order of dismissal and remand to the district court with directions to grant leave to amend the complaint to include an allegation that appellee-corporation's state of incorporation is Ohio.

## I.

This action was brought by the parents of Tony W. Kiser, deceased, to recover damages for his allegedly wrongful death.[1] The initial complaint, filed December 5, 1985, alleged that the decedent, while on active duty as a fireman in the United States Navy, was killed on February 23, 1984, aboard the U.S.S. Guam, which was then stationed in the Mediterranean Sea off the coast of Lebanon. He died from injuries allegedly caused by the failure and malfunction of certain component parts of a hatch that allegedly had been manufactured by the defendants, sold to the Navy and installed on the U.S.S. Guam.

The initial complaint failed adequately to allege the basis of the district court's diversity jurisdiction. On February 6, 1986, then-defendant Eaton Corporation ("Eaton") moved to dismiss the complaint for that reason. On February 11, 1986, appellee Parker-Hannifin Corporation ("Parker-Hannifin") joined Eaton's motion to dismiss. Thereafter, on February 12, 1986, the district court held a telephone conference with counsel for the parties. Counsel for appellant Annie C. Kiser ("Kiser") was informed at that time that, pending further notification from the court, the pending

---

[*] Honorable Maryanne Trump Barry, United States District Judge for the District of New Jersey, sitting by designation.

1. The decedent's father, Everett W. Kiser, died on December 18, 1984. Appellant Annie C. Kiser maintains this action as the mother of the decedent and as the duly-appointed administratrix of her husband's estate.

motions of Eaton and Parker-Hannifin required no immediate response from her.[2]

One week later, on February 19, 1986, Kiser filed an amended complaint where she again failed specifically to allege the state of incorporation of Parker-Hannifin. The amended complaint did, however, allege that Parker-Hannifin was not a North Carolina corporation.[3] It also added as defendants John Does one through five, who were alleged not to be incorporated, nor to have their principal places of business, in North Carolina. On March 27, 1986, Parker-Hannifin filed its answer. Notwithstanding the district court's direction that Kiser could defer any response to the pending motions, the district court thereafter granted those motions of Parker-Hannifin and Eaton to dismiss the amended complaint for insufficient jurisdictional allegations. *Kiser v. Parker-Hannifin Corp.*, No. 85–6997, mem. op. at 2 (E.D.Pa. June 9, 1986) [Available on WESTLAW, DCT database].

By letter dated June 24, 1986, Kiser's counsel asked the district court to vacate its dismissal order, referring to the district court's February 12th directive deferring consideration of the motions to dismiss. There followed another telephone conference involving counsel and the district court on July 2, 1986, which resulted in an order vacating the dismissal order of June 9, 1986,[4] and stipulating to dismissal with prejudice on her claims against Eaton and then-defendant General Electric Corpora-

tion. *Kiser v. Parker-Hannifin Corp.*, No. 85–6997, stipulation & order at 1 (E.D.Pa. July 11, 1986). In addition, this stipulation and order provided that:

3. Plaintiffs and Defendant, Parker-Hannifin Corporation shall have thirty (30) days from the date of [the] July 2, 1986 conference within which to attempt to resolve plaintiffs' claim that diversity jurisdiction is proper; in the event of a failure by plaintiffs and Parker-Hannifin Corporation to reach agreement on this issue, it is Stipulated and Agreed that defendant, Parker-Hannifin Corporation may move the Court upon the end of the said thirty (30) day period for reinstatement of the Order dismissing the Complaint as to Parker-Hannifin Corporation for lack of diversity jurisdiction and/or lack of properly pleading the existence of diversity jurisdiction.

*Id.* at 1–2.

Kiser's counsel then attempted to obtain consent to allow her to amend the complaint to allege that Parker-Hannifin's state of incorporation is Ohio.[5] Parker-Hannifin, however, would not consent to this amendment. Appendix for Plaintiffs-Appellants ("App.") at 151a ¶ 17. On August 28, 1986, Parker-Hannifin moved to reinstate the June 9th dismissal order, and, on September 12, 1986, Kiser filed its opposition to this motion and requested leave to amend her complaint. On September 23, 1986, the district court granted Parker-Hannifin's motion on the basis of para-

**2.** A letter to the district court from Leonard A. Busby, Esquire, attorney for Eaton, dated February 13, 1986, stated in relevant part: "Your Honor ... informed counsel [during the telephone conference] that the pending Motions of Eaton Corporation and Parker-Hannifin on the grounds that the Complaint does not properly allege the basis for jurisdiction need not be responded to by plaintiffs pending further notification from Your Honor." Appendix for Plaintiffs-Appellants at 34a. Neither the district court nor counsel has suggested that this letter does not recount accurately the district court's directive on this jurisdictional issue.

**3.** Kiser is a citizen of North Carolina.

**4.** Because the record shows that the district court, on February 12, 1986, informed Kiser's counsel that Parker-Hannifin's pending motion to dismiss did not need to be answered pending

further notification from the court, and because no such notification was ever given, we conclude that the initial dismissal order of the district court was inadvertent. Apparently recognizing this oversight, the district court properly vacated that dismissal order.

**5.** Kiser's Motion for Reconsideration of Court's Order Dismissing the Complaint and for Leave to Amend the Complaint alleges that, "[b]etween July 11, 1986 and August 2, 1986[, her] counsel and counsel for defendant, Parker-Hannifin, agreed that defendant's counsel would attempt to obtain the consent of his client for [Kiser] to amend her complaint to allege defendant's place of incorporation." App. at 133a ¶ 16. Parker-Hannifin's answer to this motion admits the same. *See* App. at 151a ¶ 16.

graph three of the July 11th stipulation. *Kiser v. Parker-Hannifin Corp.*, No. 85–6997, mem. op. at 4 (E.D.Pa. Sept. 23, 1986) [Available on WESTLAW, DCT database]. The district court did not mention, and, thus, apparently did not consider, Kiser's then-pending request for leave to amend her complaint.

On October 8, 1986, Kiser moved for reconsideration of the second dismissal order and, again, for leave to amend her complaint. This motion was accompanied by a proposed second amended complaint stating that Parker-Hannifin is an Ohio corporation. Parker-Hannifin filed its opposition to this motion on October 17, 1986, asserting therein for the first time that the five John Doe defendants destroyed diversity of citizenship.[6]

On December 11, 1986, the district court denied Kiser's motion for reconsideration and affirmed the second dismissal order, noting that paragraph three of the July 11th stipulation mandated that the parties "*shall* have thirty (30) days from the date of July 2, 1986 conference within which to attempt to resolve [Kiser]'s claim that diversity jurisdiction is proper. The use of the word 'shall' indicates that the 30 day time limit was intended to be mandatory, not permissive." *Kiser v. Parker-Hannifin Corp.*, No. 85–6997, mem. op. at 4 (E.D.Pa. Dec. 11, 1986) [Available on WESTLAW, DCT database] (original emphasis). At the time of this final dismissal order, the district court again did not mention Kiser's then-renewed motion for leave to amend her complaint. Our appellate jurisdiction over this matter is conferred by 28 U.S.C. § 1291 (1982).

## II.

The first question we must address is whether the district court erred when it failed to consider Kiser's motions for leave to amend her complaint prior to addressing Parker-Hannifin's motions to dismiss. The decision of a district court to grant or deny leave to amend is reviewed only for an abuse of discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178,

---

**6.** Although Parker-Hannifin has also raised this issue concerning the effect of the inclusion of the five John Doe defendants in Kiser's amended complaint on diversity of citizenship in this appeal, to date this issue has not been addressed by the district court. Because Kiser, on remand, may seek leave further to amend her complaint as to these defendants, we decline to issue what may well be an advisory opinion on this issue.

Judge Becker would address this issue, believing that it potentially affects our jurisdiction, and he would dismiss the John Doe defendants on either of two theories. First, noting that John Doe defendants destroy diversity when their citizenship cannot truthfully be alleged, *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 30–32 (3d Cir.1985), and further that the John Doe defendants named in Kiser's amended complaint are not indispensable parties, Judge Becker would follow the case law that authorizes their dismissal so as to preserve (diversity) jurisdiction. *See, e.g., Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1467 (9th Cir.1985). Second, Judge Becker would hold that John Doe defendants should be dismissed as a matter of course absent a showing by Kiser of why the Does are needed (a showing that he believes will rarely be made because it is unlikely that an unknown, unnamed defendant would be indispensable to the litigation). Judge Becker observes that the principal reason for John Doe pleadings is protection against the statute of limitations. Notwithstanding this rationale, Judge Becker believes that, in reality, the presence of John Does in the complaint is not likely to aid plaintiffs in avoiding statute of limitations problems. He notes that, absent state law to the contrary, a defendant who does not receive actual notice of a suit before the statute has run cannot later be brought into the litigation, even if that defendant was technically sued under a fictitious name. *See Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986) ("the linchpin [of Federal Rule of Civil Procedure 15(c)'s relation-back doctrine] is notice, and notice within the limitations period"); *cf. Talbert v. Kelly*, 799 F.2d 62, 66 n. 1 (3d Cir.1986) (dictum) (naming John Doe in complaint will not toll statute *even* if state law provides otherwise).

In sum, because a John Doe pleading is usually problematic and is no boon to anyone, Judge Becker would render John Doe defendants dismissible as a matter of course in federal diversity litigation. *See generally* 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 8.10 at 8–45 (2d ed. 1987) (absent "unusual circumstances ... the practice [of pleading John Doe defendants] is unwarranted in diversity cases brought originally in the federal courts").

182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987); *Lewis v. Curtis,* 671 F.2d 779, 783 (3d Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981), *cert. denied sub nom. F.D. Rich Housing of the Virgin Islands, Inc. v. Government of the Virgin Islands,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). Even after a responsive pleading has been filed, however, great liberality in allowing amendment of an initial pleading is often appropriate, especially when an amendment will further the ends of justice, effectuate presentation of a suit's merits and not prejudice the opposing party. *See generally Hirshorn v. Mine Safety Appliances Co.,* 101 F.Supp. 549, 552 (W.D.Pa.1951), *aff'd,* 193 F.2d 489 (3d Cir.1952). For these reasons, the Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). In addition, by federal statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (1982). This statute applies in particular to amendments that affect a court's diversity jurisdiction, and it permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds. *See Moore v. Coats Co.,* 270 F.2d 410, 412 (3d Cir.1959). Accordingly, it is not only within the power, but it is a duty, of a federal court to consider on the merits a proposed amendment of a defective allegation once the court's attention is called to the defect. *See generally Howard v. De Cordova,* 177 U.S. 609, 614, 20 S.Ct. 817, 819, 44 L.Ed. 908 (1900).

In this case, the district court did not *mention* Kiser's requests for leave to amend the complaint in either of its memorandum opinions. The only apparent reason for this effective denial of Kiser's requests was the parties' failure to resolve the diversity issue pursuant to paragraph three of the July 11th stipulation. *See Kiser,* No. 85–6997, mem. op. at 4 (E.D.Pa. Dec. 11, 1986) [Available on WESTLAW, DCT database]; *Kiser,* No. 85–6997, mem. op. at 3–4 (E.D.Pa. Sept. 23, 1986) [Available on WESTLAW, DCT database]. The district court erred, however, when it employed the stipulation to achieve such a drastic result. The stipulation's only mandate was that the parties *"shall ... attempt"* to resolve Kiser's claim that diversity jurisdiction is proper. *Kiser,* No. 85–6997, stipulation & order at 1–2 (E.D.Pa. July 11, 1986). It did not direct that the parties, on pain of dismissal, shall *resolve* Kiser's claim that such jurisdiction is proper. We note that the record reveals that Kiser did make the required attempt, and we hold that the district court erred when it punished Kiser, by dismissing her complaint, for Parker-Hannifin's refusal to cooperate with her honest, albeit belated, efforts to allege a basis for the district court's jurisdiction.

Parker-Hannifin argues that Kiser had been given the time from February 13, 1986, to amend her complaint. This argument fails to take into account the district court's February 12th statement that no response by Kiser to the dismissal motion was necessary. In addition, Rule 15(a) declares that a party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served. Thereafter, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. *See* **Fed. R.Civ.P.** 15(a). Because Kiser had amended her complaint on February 19, 1986, which was prior to the filing of Parker-Hannifin's answer on March 27, 1986, she was thereafter constrained by the mandate of Rule 15(a) from further amending her complaint as a matter of course. Finally, we note that "mere delay is not by itself enough to justify denial of leave to amend." *Sanders,* 823 F.2d at 217. The delay, to become a legal ground for deny-

ing a motion to amend, must result in prejudice to the party opposing the amendment, and it is the opposing party's burden to prove that such prejudice will occur. *See id.*

We are unable to envision any prejudice to Parker-Hannifin from the proposed amendment; because allowing this amendment should not affect Kiser's tactics or case theories, it will not cause Parker-Hannifin undue difficulty in preparing its defense. *See Sanders,* 823 F.2d at 217 ("The amendment [plaintiff] seeks would not alter the claims originally asserted in any way, thus no additional burden of defense would fall on [defendants]."); *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir.1969). The proposed amendment seeks merely to allege Parker-Hannifin's state of incorporation, a fact that Kiser bears the burden of proving at trial. The district court's action, which appears to lack any legal or practical basis, thus amounts to an outright refusal to grant Kiser leave to amend. Such an outright refusal, without justification, is a clear abuse of discretion and is inconsistent with the spirit of the Federal Rules, *see Foman,* 371 U.S. at 182, 83 S.Ct. at 230, especially where the motion for leave to amend the complaint is accompanied by an amended complaint that may properly be relied upon for relief. As in many of these cases, if Kiser's counsel had exercised greater diligence and had prepared an original complaint of the required specificity, the present problem never would have arisen. Lawyers—who, like judges, operate under the pressures of time and demanding schedules—sometimes, however, fall short of perfection. Recognizing this fact of legal life, Rule 15(a) was enacted to create an uncomplicated method by which pleadings may be amended without causing serious injustice.

### III.

█ The second question before us is whether the district court properly dismissed Kiser's complaint. The dismissal of a complaint, by the district court, for fail-

ure adequately to allege jurisdiction is subject to plenary review. *See Medical Fund-Philadelphia Geriatric Center v. Heckler,* 804 F.2d 33, 36 (3d Cir.1986). We conclude that the district court erred as a matter of law when it granted Parker-Hannifin's second motion to reinstate the June 9th dismissal order and denied Kiser's motion to reconsider. First, the district court's February 12th directive understandably dissuaded Kiser from opposing the initial motion to dismiss. In granting the motion to reinstate dismissal, the district court effectively reinstated what we regard as an inadvertent dismissal order. Second, the July 11th stipulation did not provide the district court with an adequate basis for dismissal. Instead, it merely permitted Parker-Hannifin to move for reinstatement, which is a far cry from providing that defendant with an automatic right to dismissal. Finally, as we explained in the preceding section, Kiser's request for leave to amend the complaint should have been considered by the district court before it acted on Parker-Hannifin's motions to dismiss. Courts must be cautious in assessing motions to dismiss, particularly where granting such a motion would terminate the litigation before the parties have had their day in court. *See Vogelstein v. National Screen Serv. Corp.,* 204 F.Supp. 591, 595 (E.D.Pa.), *aff'd,* 310 F.2d 738 (3d Cir.1962), *cert. denied,* 374 U.S. 840, 83 S.Ct. 1894, 10 L.Ed.2d 1061 (1963).

### IV.

We must conclude by noting that Kiser has filed with this Court a document from the Secretary of the State of Ohio. It certifies that Parker-Hannifin is an Ohio corporation, was incorporated there on December 30, 1938 and has its principal location in Cleveland, Ohio. While this fact of course should have been pled by Kiser in her original complaint, we find it somewhat disturbing that counsel for Parker-Hannifin refuses even to acknowledge that the Ohio certificate accurately describes Parker-Hannifin's incorporation and place of busi-

ness.[7] The district court's July 11th order placed Kiser in the precarious position of relying on Parker-Hannifin's good faith to stipulate the obvious fact of its own incorporation. By refusing to stipulate to what now appears to be the truth, Parker-Hannifin was then in a position to preclude Kiser from amending the complaint, thereby unilaterally defeating her action. Such a procedure encourages gamesmanship, not candor with our courts, and cannot be sanctioned.

## V.

For the foregoing reasons, we will reverse the dismissal order of the district court and grant Kiser's motion for leave to amend her complaint.

---

7. We note the following statements from oral argument to this Court:

THE COURT: [A]re you asserting before us that your client does not have [its] principal place of business in Ohio.... and [denying that] it's incorporated in Ohio?

MR. O'BRIEN: I frankly don't know personally, Your Honor.... I can't assert that one way or another.

. . . . .

THE COURT: You mean [that,] after all of this time[,] with all the counsel fees that have been paid in litigating this[,] that you don't know [if]—[that you] have not made inquiry as to whether [—] your client is incorporated in Ohio and its principal place of business is in Ohio?

. . . . .

MR. O'BRIEN: No. I have not, Your Honor.