**In re Robert E. JONES, Debtor.**

**Robert E. JONES, Plaintiff,**

v.

**PROGRESSIVE–HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**Bankruptcy No. 87–2005.**
**Adv. No. 87–0411.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 21, 1988.

Walter A. Koegler, Pittsburgh, Pa., for defendant.

Catherine T. Martin, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for plaintiff.

Martin Sheinman, Pittsburgh, Pa., trustee.

Stephen I. Goldring, Asst. U.S. Trustee, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court are Plaintiff's *Motion for Partial Summary Judgment* and De-

fendant's *Motion for Summary Judgment* on Plaintiff's Complaint, which alleges violations of Pennsylvania's Mortgage Foreclosure statute, 41 P.S. (Purdon's) § 404, Pennsylvania's Unfair Trade Practices statute 73 P.S. (Purdon's) § 201–1 *et seq.,* and the Truth In Lending Act, 15 U.S.C.A. § 1601 *et seq.*

A hearing on the Summary Judgment motions was held, and the parties have submitted briefs. Based upon same and this Court's further analysis, we find the grant of Summary Judgment to be appropriate and will enter same in Defendant's favor.

## FACTS

Debtor and his wife applied for a mortgage loan from Defendant in November of 1968. Nine (9) months later, on August 8, 1969, Debtor and Defendant executed the mortgage loan documents. Debtor did not receive a written financial disclosure statement, advising him of the repayment arrangements and interest rates.

In 1982 Debtor began a pattern of default and partial payments, in response to Defendant's pursuit of foreclosure. Defendant obtained an *in rem* judgment in mortgage foreclosure in June of 1985. Pursuant to the Pennsylvania Rules of Civil Procedure, Defendant quantified the sum due and owing to be $4,788.57, including late charges and attorney fees. Debtor's most recent payment occurred in December of 1986, at which time he tendered $600.00 to Defendant. In return for said payment Defendant stayed execution proceedings. However, Debtor's default recurred in January of 1987, and no payments of any kind have been made since that date. Upon this final default Defendant filed a Praecipe to Re–Issue the Writ of Execution on its earlier judgment and proceeded to set the property for Sheriff's Sale on August 3, 1987. Said sale was automatically stayed by Debtor's bankruptcy filing on July 31, 1987.

Defendant filed a Motion for Relief from the Automatic Stay on October 13, 1987. At the hearing on said Motion, on Novem-

ber 10, 1987, the Court denied same, based upon Debtor's offer to begin monthly adequate protection payments of $96.00, until said debt was paid in full. Despite Debtor's assurance, he made none of the monthly payments. On April 11, 1988, Defendant filed a second Motion for Relief from the Automatic Stay. On May 10, 1988 this Court granted said Motion. Debtor succeeded in forestalling another scheduled Sheriff's Sale, by convincing the state court to halt its actions pending resolution of this Adversary action.

## ANALYSIS

Debtor has filed the instant adversary action based upon alleged violations of three (3) different statutory provisions, to-wit:

(1) Debtor alleges that Defendant's Praecipe to Re–Issue the Writ of Execution was accomplished in violation of the Pennsylvania mortgage foreclosure laws;

(2) Debtor contends that said violation caused the total sum due and owing to Defendant to increase substantially, as a result of additional court costs and attorney fees, in violation of the Pennsylvania Unfair Trade Practices Act; and

(3) Debtor asserts that Defendant's failure to provide Debtor with a written financial disclosure statement, prior to consummation of the loan, constitutes a violation of the Truth In Lending Act.

We will address each issue seriatim.

Pursuant to Pennsylvania statutory law, debtor may cure his default on a residential mortgage at any time up to one (1) hour before sheriff sale. 41 P.S. (Purdon's) § 404(a). Section 404(b) delineates the following items which must be satisfied in order to cure the default:

(1) Debtor must pay all delinquent principal and interest, to bring the loan to a current status;

(2) Debtor must perform all other standard obligations, such as providing for insurance on the premises;

(3) Debtor must pay the foreclosure costs and attorney's fees associated with the proceeding as documented by the mortgage lender in writing; and

(4) Debtor must pay any late charges provided for in the original loan documents.

Such a cure restores the mortgage to a current status and puts the Debtor in the same position as if the default had not occurred. § 404(c). The effect of such a reinstatement requires the creditor to initiate a new foreclosure action if default occurs again.

Debtor contends that pursuant to Defendant's admission in its answer, a cure was accomplished in December 1986 when payment of $600.00 was tendered to Defendant and Defendant stayed the execution sale. Debtor claims that pursuant to § 404(c), the current status was reinstated, and that Defendant's later attempt to proceed against a new default, based upon a reissued writ of execution, was procedurally flawed.

Defendant challenges Debtor's argument, asserting that the admission filed by prior counsel was inappropriate and incorrect, and that "cure" cannot be admitted or denied as it is a legal conclusion. Based upon same, Defendant orally moved to amend the answer to so state the admitted fact that $600.00 was tendered and accepted, and that said sum was not sufficient to cure the default.

Generally, allowance of a motion to amend is within the sound discretion of the Court and should be liberally granted. *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208 (3rd Cir.1984); *Cornell & Co., Inc. v. OSHA Commission,* 573 F.2d 820 (3rd Cir.1978). Various actions or inactions by the Movant can operate to reduce the liberal grant, such as delay and undue prejudice to the opposing party. Delay, in and of itself, is an insufficient ground to deny an amendment. *Howze, supra; Cornell, supra; Deakyne v. Commissioners of Lewes,* 416 F.2d 290 (3rd Cir.1969). Delay is not an appropriate ground in the instant case. Given that Debtor himself

was given an opportunity to amend to add a completely new cause of action, on a date previously set for trial, we would be hard pressed to now accept an argument based upon Defendant's delay. Clearly if Debtor can amend on the date set for trial and add the new cause of action, then Defendant can amend at the summary judgment stage to correct an incorrect statement of law, and correct a statement of fact.

Prejudice to the non-moving party is the touchstone for denial of an amendment. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) *reh. den.* 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552; *Howze, supra; Cornell, supra.* Debtor has suffered no prejudice in this case. The actual sum paid by Debtor in December of 1986 has been known by both parties for many months. Both parties have been able to measure said payment against the standard for "cure" as it relates to Pennsylvania's mortgage foreclosure law. Recognition that the payment does not constitute a cure may result in Debtor's loss or abandonment of this cause of action, but such loss does not constitute prejudice.

The Supreme Court has interpreted the Federal Rules of Civil Procedure as having rejected the "chess game" approach to pleading, wherein "... one misstep by counsel may be decisive to the outcome." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *quoted in Kiser v. General Electric Corp.*, 831 F.2d 423, 427 (3rd Cir.1987). Rather, the purpose of pleading is "... to facilitate a proper decision on the merits." *Id.* As the Third Circuit stated in *Kiser, supra:*

> ... it is not only within the power, but is a duty, of a federal court to consider on the merits a proposed amendment of a defective allegation once the court's attention is called to the defect.

In the case at bar, Debtor tendered a payment of $600.00. We can discern from the admitted facts that as of June 1985 Debtor was in default in the sum of $4,788.57. Said sum does not include any continuing default from June 1985 through December 1986, nor does it include any costs related to execution and sale. It is patently clear that no "cure" took place in December of 1986, as $600.00 was not sufficient to bring the mortgage current, let alone pay any court costs and/or fees incurred. If Debtor did not cure the default, then the mortgage was not returned to current status. As the loan remained in default, it was not necessary for Defendant to initiate new foreclosure proceedings. Debtor offered no proof of accord and satisfaction; this was merely a sum paid to forestall mortgage foreclosure. While this Court does not see Defendant's actions as the best method to pursue its remedy, we do not determine Defendant's procedure in re-issuing the Writ of Execution to be inappropriate or illegal.

Debtor also raised a cause of action pursuant to Pennsylvania Unfair Trade Practices law, 73 P.S. (Purdon's) § 201–1 *et seq.*, specifically § 201–3, which states in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by [section 201–2] of this act ... [is] hereby declared unlawful.

Debtor asserts that Defendant's continued pursuit of execution on its 1985 foreclosure judgment and subsequent charges for additional costs and attorney fees were deceptive acts or practices. Since we have already determined that Defendant's actions were warranted, this action is fatally flawed.

Debtor's final action concerns the Truth In Lending Act, 15 U.S.C.A. § 1601 *et seq.* and Part 226 of Title 12 of the Code of Federal Regulations commonly known as "Regulation Z". In particular, Debtor asserts that Defendant was obligated to provide him with a written financial disclosure statement prior to the time the loan was consummated. Debtor asserts consummation occurred on August 8, 1969 at the closing of the loan.

Defendant has raised two (2) objections: first, Defendant claims that the loan was "consummated" in November of 1968, when Debtor submitted his loan application. Because Regulation Z did not exist

until July 1, 1969, Defendant contends that such disclosure was not required in this case. Defendant also contends that Debtor's cause of action is time-barred by the one-year statute of limitations provided in the Truth In Lending Act. Debtor countered that this action is in the nature of recoupment, and as such, is not affected by the statute of limitations.

The disclosure requirements of Regulation Z have been in effect since July 1, 1969. *See Hoffman v. Charnita, Inc.*, 58 F.R.D. 86 (M.D.Pa.1973); *Katz v. Carte Blanche Corp.*, 52 F.R.D. 510 (W.D.Pa. 1971); 12 C.F.R. § 226.8 (repealed October 1, 1982). Said disclosure was and is to be in writing. 12 C.F.R. § 226.8 and § 226.6(a) (repealed October 1, 1982). *See also*, 12 C.F.R. § 226.17 (effective October 1, 1982).

While the parties agree that disclosure must occur prior to consummation, they disagree as to when consummation of the present loan occurred. Defendant asserts that the parties consummated the loan on the date of initial application in November of 1968, prior to the effective date of the regulation. Defendant contends therefore, that it was not required to make any disclosure whatsoever. Debtor contends that consummation occurred on August 8, 1969, when the loan closing was held. Under Debtor's interpretation, disclosure would have been required.

■ There is very little case law directly discussing consummation. Our District has previously held that disclosure just prior to closing a loan is adequate under the Act. *Stavrides v. Mellon National Bank & Trust Co.*, 353 F.Supp. 1072 (W.D.Pa. 1973), *aff'd* 487 F.2d 953 (3rd Cir.1973). By implication therefore, closing of a loan is a form of consummation. Having so stated, it appears that disclosure could occur at any time prior to the closing, and that a written financial disclosure statement was in order in this case.

■ However, procedural difficulties will bar any recovery by the Debtor on this cause of action. By its very terms, the Truth In Lending Act contains a one-year statute of limitations upon all affirmative

actions which rely on its provisions for relief. This limitation does not apply to defensive measures such as recoupment. 15 U.S.C.A. § 1640(e). *See also, Household Consumer Discount Company v. Vespaziani*, 490 Pa.Super. 209, 415 A.2d 689 (1980). Defendant has asserted this statute of limitations defense and argues that Debtor's failure to raise this issue as a defense in the mortgage foreclosure litigation should estop Debtor from further pursuit of this action. The law in Pennsylvania does not permit a recoupment defense to an *in rem* foreclosure action:

> ... a person can assert a claim under the [Truth In Lending] Act only in an action for a *money judgment* either as a counterclaim to an action to collect money owed by the consumer, or in an original claim brought by the consumer. Therefore, a counterclaim for a setoff under the Act can only be asserted in an action which contemplates a *personal judgment.*
>
> An action in mortgage foreclosure is strictly an *in rem* proceeding, ... not a judgment for money damages ... Therefore, a setoff for an alleged violation of the Truth In Lending Act cannot be asserted as a counterclaim in a mortgage foreclosure action.

*New York Guardian Mortgage Corporation v. Dietzel*, 362 Pa.Super. 426, 524 A.2d 951 (1987). (Emphasis added).

Debtor could not pursue this action defensively in the mortgage foreclosure proceeding; he similarly cannot pursue this action affirmatively by Complaint, as the limitations period ran eighteen (18) years ago. Although Debtor attempts to classify his request for relief as recoupment, that is not possible.

Defendant's claim against this bankruptcy estate arises out of the same transaction or occurrence as the state court mortgage foreclosure judgment. The filing of the bankruptcy does not convert the Defendant's interest from *in rem* to *in personam.* Recoupment in this *in rem* proceeding is not possible. This Court cannot reduce Defendant's interest in this property by

allowing Debtor to withhold a bedroom or the kitchen. As this remains an *in rem* proceeding, recoupment cannot be asserted; and, as the statute of limitations has run on affirmative actions, Debtor has no avenue remaining through which to pursue the Truth In Lending violation.

An appropriate Order will be issued.