In re Robert E. JONES, Debtor.

Robert E. JONES, Plaintiff/appellant,

v.

PROGRESSIVE–HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant/appellee.

Civ. A. No. 88–2762.
Bankruptcy No. 87–2005.
Adv. No. 87–0411.

United States District Court,
W.D. Pennsylvania.

Dec. 4, 1990.

Catherine T. Martin, Pittsburgh, Pa., for plaintiff/appellant.

Walter A. Koegler, Pittsburgh, Pa., for defendant/appellee.

## MEMORANDUM OPINION

BLOCH, District Judge.

Presently before this Court is an appeal from the bankruptcy court's determination in *In re Jones*, 91 B.R. 725 (Bankr.W.D.Pa. 1988), that the appellant is barred by the applicable statute of limitations from asserting a claim pursuant to the Truth in Lending Act (TILA) in an adversary action. For the reasons discussed below, this Court reverses the bankruptcy court and remands this matter for further consideration.

### I. Facts

In November, 1968, appellant (Jones) and his wife applied for a mortgage from appellee (Progressive). On August 8, 1969, the parties executed the mortgage. Progressive did not provide Jones with a written financial disclosure statement detailing the repayment arrangements and interest rates. *Jones*, 91 B.R. at 726; appellee's brief at 6–7. In 1982, Progressive filed a foreclosure action based on Jones' default. In 1985, Progressive obtained a foreclosure judgment in the amount of $4,788.57. Jones then made payments in order to avoid execution on the judgment. In 1987, Jones again defaulted on his payments. Progressive obtained a Writ of Execution and scheduled a Sheriff's sale of the mortgaged property for August 3, 1987. On July 31, 1987, Jones filed a petition in bankruptcy, and thereby obtained a stay of the Sheriff's sale. Progressive filed a motion for relief from the automatic stay which was denied because Jones offered to make monthly adequate protection payments. On November 4, 1987, Jones filed a proof of secured claim on behalf of Progressive

and an adversary complaint objecting to Progressive's secured claim which raised five claims for relief. On June 10, 1988, Jones amended his complaint to include a claim for violation of TILA. Jones did not make the adequate protection payments he promised to make, so Progressive filed a second motion for relief from the automatic stay which was granted on May 10, 1988. Jones then obtained a stay of the Sheriff's sale in the Court of Common Pleas of Allegheny County pending the outcome of the adversary action. Both parties filed summary judgment motions in the adversary action. On October 21, 1988, the bankruptcy court granted Progressive's motion and denied Jones' motion.[1] The present appeal followed.

### II. Discussion

Actions for violations of TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The bankruptcy court determined that § 1640(e) bars Jones' claim because the violation occurred 18 years prior to the filing of the claim. *Jones*, 91 B.R. at 729–30. Jones contends that his TILA claim is a recoupment defense to Progressive's proof of claim and thus is not barred by § 1640(e).

Recoupment is the right of a defendant to reduce the plaintiff's demand either because the plaintiff has not complied with the obligations of the contract upon which it sues or because plaintiff has violated a legal duty in the formation or performance of the contract. *In re Smith*, 737 F.2d 1549, 1552 n. 7 (11th Cir.1984). " '[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.' " *United States v. Dalm*, —— U.S. ——, 110 S.Ct. 1361, 1370, 108 L.Ed.2d 548 (1990) (*quoting Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935)); *see also*

1. The bankruptcy court addressed all of the issues raised by Jones. Jones has only appealed the bankruptcy court's ruling on the TILA claim.

*Wells v. Rockefeller,* 728 F.2d 209, 213 (3d Cir.1984) ("A defendant's plea of recoupment, based on a matter arising out of the transaction sued on and used only to defeat a plaintiff's claim, is not generally barred by the statute of limitations."), *cert. denied,* 471 U.S. 1107, 105 S.Ct. 2343, 85 L.Ed.2d 858 (1985). Thus, to prevail on his defense of recoupment, Jones must show: (1) the TILA violation and Progressive's claim arose from the same transaction, and (2) the TILA claim is asserted as a defense to Progressive's claim. *Smith,* 737 F.2d at 1553.

Courts have generally held that § 1640(e) does not bar defenses of recoupment raised more than one year after the transaction giving rise to the claim. However, a wide split of authority exists over the question of whether a TILA claim raised as a defense to a creditor's action on the underlying loan is in the nature of setoff or recoupment.[2] The point of disagreement among the factions is whether a debtor's TILA claim arises from the same transaction as a lender's action to collect on a debt. *Compare Werts v. Federal National Mortgage Association,* 48 B.R. 980, 983–84 (E.D.Pa.1985); *In re Bender,* 86 B.R. 809, 816 (Bankr.E.D.Pa.1988); *In re Samsa,* 86 B.R. 863, 865 (Bankr.W.D.Pa. 1988); *In re Smith,* 92 B.R. 127, 132 (Bankr.E.D.Pa.1988); *In re Dangler,* 75 B.R. 931, 936–37 (Bankr.E.D.Pa.1987) *with Basham v. Finance America Corp.,* 583 F.2d 918, 927–28 (7th Cir.1978) ("TILA claim is not directed at or an answer to the underlying debt" but instead is a claim for affirmative relief), *cert. denied,* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979); *see also Smith,* 737 F.2d at 1552–53 (citing cases which have considered this issue).

Upon review of these authorities, this Court is convinced that Jones' TILA claim arose from the same transaction as Progressive's debt claim. *See also Maddox v. Kentucky Finance Co., Inc.,* 736 F.2d 380, 383 (6th Cir.1984) (debt counterclaim arises

out of same transaction as TILA claim); *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979) (debt claim is compulsory counterclaim in TILA action because "a single aggregate of operate facts, the loan transaction, gave rise to both" claims); *Brady v. C.F. Schwartz Motor Co., Inc.,* 723 F.Supp. 1045, 1049–50 (D.Del.1989). Certainly, both claims find their basis in the mortgage. Execution of the mortgage obligated Jones to pay the loan and Progressive to issue a financial disclosure statement. *See infra.* Although Jones' obligations derive from the loan agreement whereas Progressive's derive from federal law, the obligations of both parties were activated by the same transaction. Moreover, TILA was designed to provide consumers with credit information so as to enable them to wisely negotiate credit transactions. 15 U.S.C. § 1601(a). TILA is not detached from loan transactions, but instead is an integral mechanism by which consumers determine whether to consummate such transactions.

Policy considerations also support the determination that a TILA claim arises from the same transaction as a creditor's debt claim. A contrary holding would encourage lenders to wait more than one year to sue on a borrower's default, and thereby evade the mandate of TILA. *Smith,* 737 F.2d at 1553; *Household Finance Corp. v. Hobbs,* 387 A.2d 198, 200 (Del.Super.1978). Additionally, many borrowers are unfamiliar with the requirements of TILA and thus are unaware of their cause of action against a creditor until after consultation with an attorney upon being sued by the creditor. *Smith,* 737 F.2d at 1553. Of course, TILA is not designed to enable debtors to thwart the valid claims of creditors. *Basham,* 583 F.2d at 928. However, a TILA claim is not a means of circumventing a valid claim by a creditor, but instead is a medium for invoking a statutory penalty designed to enforce the federal policy of

---

**2.** Setoff differs from recoupment in that a setoff arises out of a transaction extrinsic to the plaintiff's cause of action. *Smith,* 737 F.2d at 1552 n. 8. In 1980, Congress amended § 1640(e) to specifically authorize assertion of TILA claims

as a defense in either recoupment or setoff more than one year after the occurrence of the TILA voilation. Pub.L. 96–221, Title VI, § 615, 94 Stat. 181 (1980).

adequate disclosure by lenders. *Whigham v. Beneficial Finance Co.*, 599 F.2d 1322, 1324 (4th Cir.1979). The congressional policy embodied in TILA is thus fulfilled through the determination that a debtor's TILA claim and a creditor's debt claim arise from the same transaction.

 The next issue for consideration is whether Jones' claim is in the nature of a defense. In making this determination, the Court must look at the substance of the claim at issue. *Dalm*, 110 S.Ct. at 1366. In the bankruptcy context, creditors may present their claims to the court by filing a proof of claim. 11 U.S.C. § 501(a). If a creditor does not file a proof of claim, the debtor or the trustee may file a proof of claim for the creditor. 11 U.S.C. § 501(c). In cases such as the present where a creditor does not file a proof of claim, the Bankruptcy Code authorizes a debtor to file a proof of claim on the creditor's behalf in order to protect the debtor by causing the creditor's secured claims to be considered in the bankruptcy action. S.Rep. No. 95–989, 95th Cong., 2nd Sess. 61 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5847. A proof of claim filed under § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If the objection to the proof of claim is joined with a demand for relief challenging the validity, priority, or extent of an interest in property, the objection is considered a complaint in an adversary proceeding. Bankr.R. 3007, 7001(2).

 In the present case, Jones' TILA claim was filed in response to Progressive's proof of claim. Although Jones' objection to Progressive's claim and assertion of the TILA claim is labeled as a complaint in an adversary action, the objection and TILA claim are in the nature of a defense. The TILA claim was not asserted as an independent cause of action, but instead was asserted in response to Progressive's proof of claim in order to limit the extent of recovery by Progressive on its claim. There-

fore, Jones' TILA claim is in the nature of a defense to Progressive's claim for purposes of recoupment.[3] Hence, as Jones' TILA claim arose out of the same transaction as, and is in the nature of a defense to, Progressive's proof of claim, Jones' claim is a defense of recoupment and, therefore, is not barred by § 1640(e).

The bankruptcy court agreed that § 1640(e) does not bar TILA claims in recoupment, but determined that Jones' claim is prohibited by Pennsylvania law. *Jones*, 91 B.R. at 729. In *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 524 A.2d 951, 953 (1987), the Court determined that a TILA claim may not be asserted as a counterclaim in a mortgage foreclosure action because a foreclosure action is strictly an *in rem* proceeding and the purpose of a foreclosure judgment is solely to affect a judicial sale of the mortgaged property. *See also Fleet Real Estate Funding v. Smith*, 366 Pa.Super. 116, 530 A.2d 919, 924–25 (1987) (following *Dietzel*). The bankruptcy court determined that *Dietzel* precludes Jones' TILA claim.

 This Court finds that *Dietzel* does not bar Jones' TILA claim. The rationale of *Dietzel* is that TILA can only be asserted as a defense in actions which contemplate a personal judgment. A bankruptcy action, unlike a mortgage foreclosure, is inherently an *in personam* proceeding because it resolves the personal obligations of the debtor. The filing of a proof of claim, by its very nature, is an action to collect a debt. *Smith*, 92 B.R. at 132; *Dangler*, 75 B.R. at 937. Although a security interest survives bankruptcy, *Estate of Lellock v. Prudential Insurance Co.*, 811 F.2d 186, 189 (3d Cir.1987), bankruptcy accords such claims a unique federal treatment. State law is certainly relevant in assessing the existence and extent of a secured claim, but the Bankruptcy Code requires other considerations as well. *See* 11 U.S.C. §§ 506, 522; 3 King, *Collier on Bankruptcy* ¶ 506.04[1] (15th ed. 1989).

---

**3.** This result is not effected by the fact that Jones filed the proof of claim for Progressive. Such filing did not serve as a grounds for recovery by Jones, but instead served to present the entirety of Jones' debt to the bankruptcy court. The proof of claim is in the nature of a complaint on Progressive's behalf, not Jones' behalf.

This Court finds that allowing debtors to raise TILA claims as defenses of recoupment to creditors' proofs of claims is consistent with bankruptcy policy.[4] Thus, the bankruptcy court improperly rejected Jones' TILA claim.

Progressive argues that even if Jones was not barred from raising a TILA claim, such a claim is meritless because TILA was not enacted until after Jones applied for the mortgage. Progressive further states that although TILA was in effect at the time the mortgage was executed, the law was then unclear as to when a TILA disclosure must be made. This Court agrees with the bankruptcy court, *Jones*, 91 B.R. at 729, that this contention is unpersuasive. At the time of the mortgage execution, TILA required creditors to provide debtors with a written financial disclosure statement[5] "made before the credit is extended." 15 U.S.C. § 1639(b), *repealed* Pub.L. No. 96–221, Title VI, § 614(d), 94 Stat. 180 (1980). Although the purposes of TILA are perhaps best served by early disclosure of credit terms, *see* 15 U.S.C. § 1601(a), at the very least § 1639(b) unambiguously required Progressive to provide a disclosure statement immediately prior to execution of the loan transaction. *Stavrides v. Mellon National Bank and Trust Co.*, 353 F.Supp. 1072, 1079 (W.D. Pa.), *aff'd.*, 487 F.2d 953 (3d Cir.1973); *Bissette v. Colonial Mortgage Corp.*, 477 F.2d 1245, 1246 (D.C.Cir.1973). As Progressive did not provide Jones with a financial disclosure statement at any point prior to execution of the mortgage, it is clear that Progressive's omission is a violation of TILA.

Accordingly, this Court finds that the bankruptcy court improperly granted Progressive's summary judgment motion in regard to the TILA claim and instead should have granted Jones' motion for partial summary judgment in this regard. Therefore, the judgment of the bankruptcy court is reversed and the matter is remanded for further proceedings, including calculation of damages for the TILA violation.

An appropriate Order will be issued.

---

**4.** Jones' TILA claim is not barred by *res judicata* because state law prohibits assertion of such a claim as a defense to a foreclosure action.

**5.** The financial disclosure statement was required to contain: (1) the amount of credit; (2) an itemization of all charges included in the amount of credit but which are not part of the finance charge; (3) the total amount to be financed; (4) a description of the finance charge; (5) a repayment schedule; (6) a description of late charges; and (7) a description of the security interest retained by the creditor. 15 U.S.C. § 1639(a), *repealed* Pub.L. No. 96–221, Title VI, § 614(d), 94 Stat. 180 (1980).