**Ronald K.M. WILLIAMS, Plaintiff,**

v.

**PHILADELPHIA HOUSING AUTHORITY, et al., Defendants.**

**Civ. A. No. 93–CV–0629.**

United States District Court, E.D. Pennsylvania.

July 16, 1993.

Frederick C. Timm, Philadelphia, PA, for plaintiff.

Sara M. Staman, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff filed suit against the Pennsylvania Housing Authority (PHA) alleging that his termination as counsel to PHA deprived him of a property interest, violated his First Amendment right to privacy and association, and constituted a state common law claim for wrongful discharge and breach of contract. In an already protracted case, Plaintiff now seeks leave to amend his complaint the day after the discovery period's termination to include a wholly distinct claim. Plaintiff seeks to add the following to the complaint:

> During plaintiff's leave of absence, defendant Roxanne Galeota acting in her official capacity removed from plaintiff's work desk a computer disk owned by plaintiff without plaintiff's consent and reviewed same.

> Despite repeated due demands, defendants Galeota and PHA refused to return Plaintiff's disk to him.

> Defendant's seizure and retention of the computer disk violates plaintiff's rights under the Fourth Amendment to be free of unreasonable search and seizure and under the Fourteenth Amendment to be free of deprivation of property without due process.

As a matter of clarification, it seems that Defendants had requested that Plaintiff remove his personal belongings from the desk before he went on leave. It was after this and during Plaintiff's leave that Defendant Galeota discovered the computer disk. The disk contained both official PHA legal documents authored by Plaintiff as well as a few personal items. Plaintiff claimed the disk as his own and requested its return. PHA refused although they did offer to provide a copy of the disk at Plaintiff's expense. For unknown reasons, Plaintiff found the offer unacceptable and initiated this motion to amend.

Though leave to amend should be freely given in the interest of justice, Fed. R.Civ.P. 15(a), the motion is committed to the district court's sound discretion. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983). The court may deny leave to amend, among other reasons, on the basis of the futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (other reasons include undue delay, bad faith or dilatory motive, and undue prejudice to opposing party); *Averbach v. Rival Manufacturing Co.*, 879 F.2d 1196, 1203 (3d Cir.1989). An

amendment is futile if the amended complaint cannot withstand a motion to dismiss. *Massarsky*, 706 F.2d at 125; *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988). Thus, we must consider the proposed amendment's merits before determining whether to grant leave to amend. *Ross v. Zavarella*, 732 F.Supp. 1306, 1309 (M.D.Pa.1990); *see also Kiser v. General Electric Corp.*, 831 F.2d 423, 427 (3d Cir. 1987).

For reasons that follow, we find that the proposed amendment fails to state a claim and is, as a result, futile. We must, therefore, deny Plaintiff's request for leave to amend.

■ Plaintiff's basis for leave to amend the complaint to include a Fourth Amendment claim is futile because it fails to allege facts sufficient to state a claim under the standard established in *O'Connor v. Ortega*, 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). There, the Supreme Court outlined the standard for searches and seizures within the workplace.[1] The Court held that the reasonableness standard rather than the probable cause measure normally associated with law enforcement should govern searches and seizures in the workplace. *Id.* at 726, 107 S.Ct. at 1502. It found that employers most often enter their employees' work area for work-related reasons and not for reasons related to misconduct. *Id.* at 722, 107 S.Ct. at 1500. For example, an employer may need to retrieve a file or report from the office of an employee who is away from the office in order to complete a task. *Id.* Thus, in order to maintain efficiency and productivity, the Court has granted employers wide latitude to enter employers' offices for work-related, non-investigative reasons. *Id.* at 724, 107 S.Ct. at 1501.

In order to successfully state a claim under the *O'Connor* standard, Plaintiff must allege sufficient facts to raise issue, first as to whether the search was justified at its inception and, second, whether the search's scope was reasonably related to the circumstances that initiated the search. *See Id.* Here, however, Plaintiff fails to meet that standard.

Notwithstanding the question of ownership over the disk, Plaintiff does not allege facts that the search at its inception was unreasonable nor does he assert that the search was associated with misconduct. Plaintiff himself acknowledges in his proposed complaint that Galeota acted in her official capacity in retrieving the disk. Galeota merely exercised her discretion in maintaining efficiency and productivity in the workplace. Galeota reasonably located the disk in order to distribute the vacated workload to the remaining attorneys. Additionally, the fact that the Plaintiff was supposed to clear the office of his personal property lends credence to the propriety of Galeota's search, that is, she could only have initiated the search to locate work related material.

Secondly, Plaintiff fatally fails to allege in his proposed amendment that the scope of the search was unreasonable. Even so, the disk contained both PHA and personal documents it is reasonable that Galeota would have viewed Plaintiff's personal material in search of official PHA documents.

Since Plaintiff fails to allege facts sufficient to state a claim under the *O'Connor* standard, a Fourth Amendment claim in support of his proposed amended complaint is futile.

■ Likewise, Plaintiff's reliance on the Fourteenth Amendment is also futile. Where an adequate state tort law remedy exists for an isolated instance of deprivation of personal property, Plaintiff is barred from bringing a Fourteenth Amendment claim. *Hudson v. Palmer*, 468 U.S. 517, 534–37, 104 S.Ct. 3194, 3202–05, 82 L.Ed.2d 393 (1984).

For the above stated reasons, we find that the proposed amendment fails to state a colorable claim. Plaintiff failed to allege sufficient facts under the Fourth Amendment to withstand a subsequent motion to dismiss, and he is barred from bringing a Fourteenth

---

1. Defendant Galeota found the disk next to the computer keyboard in Plaintiff's former office at PHA. The workplace includes those areas and items that are related to work and generally within the employer's control. *O'Connor v. Ortega*, 480 U.S. 709, 717, 107 S.Ct. 1492, 1496–97, 94 L.Ed.2d 714 (1987). For example, offices, desks and file cabinets, even though it contains personal items such as a photograph, are considered the workplace. *Id.*

Amendment claim. We, therefore, find the proposed amendment to be futile and are compelled to deny the Plaintiff's request for leave to amend.

An appropriate order follows.

## ORDER

AND NOW, this 16th day of July, 1993, upon consideration of Plaintiff's Motion for Leave to Amend Complaint, and Defendants' opposition thereto, and because the proposed amendment would be futile, it is hereby ORDERED that the Motion for Leave to Amend Complaint is denied.