WISDOM, Senior Circuit Judge:
 

 This appeal raises two issues under the Truth In Lending Act (TILA). 15 U.S.C. § 1601 et seq. (1979). The district court granted summary judgment in favor of the creditor, American Financial Systems, Inc., against the debtor, Patricia Smith, on the grounds that her time-barred cause of action for monetary damages cannot be maintained by way of recoupment and that her request for rescission of the loan transaction under section 1635 fails to show material nondisclosure warranting rescission. First, this Court must determine whether Smith may recover damages for a violation of TILA on a recoupment theory when an affirmative action for damages is barred by the one-year limitation period.
 
 See id.
 
 § 1640(e). Second, this Court must decide whether the failure to disclose in the TILA disclosure statement that a debtor’s residence secures future advances is material when the future advances provision is contained in a simultaneously executed Deed of Trust. The district court answered both questions in the negative. We affirm.
 

 I. FACTS
 

 On September 2, 1977, Patricia Smith borrowed $5,323.95 from American Financial Systems, Inc. (AFS) and executed a Deed to Secure Debt granting AFS a security interest in her principal place of residence.
 
 [1]
 
 The Deed indicated that the residence secured “present and future indebtedness”. The TILA disclosure statement identified the security interest in the residence, but failed to reveal that the residence secured future advances, as well as the present indebtedness. This nondisclosure is the basis for the present suit.
 

 On March 24, 1980, Smith instituted a Chapter 13 bankruptcy proceeding. One month later, Smith sent a rescission notice
 
 *1551
 
 to AFS seeking to rescind the loan transaction on-the basis of a material nondisclosure, that' is, that her residence secured future advances. AFS did not reply to the request for rescission.
 
 [2]
 
 Thereafter, Smith scheduled the debt owed to AFS as a disputed claim in the bankruptcy court, contending that she was entitled to rescission and to statutory damages both for AFS’s failure to respond to her request for rescission and for its failure to disclose the extent of the security interest.
 
 See
 
 15 U.S.C. §§ 1635, 1640 (1979). AFS counterclaimed for the amount of the debt, which was in default. Smith filed a “counterclaim” to AFS’s counterclaim seeking “recoupment” of money damages for violations of TILA from any judgment that might be awarded to AFS on the debt.
 

 The bankruptcy court held that Smith’s original cause of action for money damages was time-barred by section 1640(e), that she could not recoup the time-barred damages from AFS’s recovery on the debt, and that she was not entitled to rescission because the failure to disclose the future advances provision in the disclosure statement was not material when the relevant information was disclosed in the Deed. The district court affirmed.
 

 We agree with the district court’s conclusion that Smith cannot recoup time-barred money damages from any judgment that might be awarded to AFS on the debt. Unlike the district court, we find that it is neither necessary nor advisable,
 
 in the circumstances of this case,
 
 to decide whether a debtor generally may recoup such damages. We also concur with the district court’s finding that the nondisclosure is not material and therefore that Smith is not entitled to rescission of the loan transaction.
 

 II. MONEY DAMAGES
 

 A.
 
 The Availability of Money Damages Under TILA
 

 Smith contends that she is entitled to damages under section 1640 for AFS’s nondisclosure and for AFS’s failure to rescind the loan transaction upon her request that it do so. A creditor is liable for money damages for any failure to comply with the requirements of the Act.
 
 [3]
 
 Nondisclosure of a fact required to be disclosed by the Act is a violation of the Act, and the omitted fact need not be material for the creditor to be liable for money damages.
 
 [4]
 

 Cf.
 
 15 U.S.C. § 1635 (1979), requiring
 
 material
 
 nondisclosure for rescission.
 

 AFS concedes that it violated the Act by failing to disclose on the disclosure statement that Smith’s residence secured future advances. When credit is secured, the Act requires that the property which secures the debt be disclosed.
 
 Id.
 
 § 1638(a)(9). In determining the extent of disclosure required by this section, the regulations provide that “if other or
 
 future indebtedness is
 
 or may be secured by such property, this fact
 
 shall be clearly set forth
 
 in conjunc
 
 *1552
 
 tion with the description or identification of the type of security interest held”. 12 C.F.R. § 226.8(b)(5) (1977) (emphasis added). AFS clearly failed to meet this requirement. Nor can AFS argue that the requirement was satisfied by disclosure on a separate document, in this case the deed showing the security interest. The TILA mandates disclosure of the nature of the security interest on the disclosure statement.
 
 See id.
 
 § 226.8(a);
 
 Smothers v. Fulton Federal Savings & Loan Association,
 
 5 Cir.1981, 653 F.2d 977, 979;
 
 Matter of Garner,
 
 5 Cir.1977, 556 F.2d 772, 777-78. AFS violated the Act, therefore, by failing to disclose the nature of its security interest on the disclosure statement given to Smith.
 

 The failure to rescind when a debtor is entitled to rescission also violates the Act. Section 1635 provides a right of rescission in specified circumstances when a debtor gives a security interest in his principal residence.
 
 [5]
 
 15 U.S.C. § 1635(a) (1979). When the debtor exercises the right to rescind by notifying the creditor, the creditor must terminate its security interest in the debtor’s property within twenty days.
 
 Id.
 
 § 1635(b). AFS did not respond to Smith’s request and failed to terminate its security interest in Smith’s residence. If Smith had a right to rescind in the circumstances of this case — and we find that she did not — AFS could be liable for monetary damages under section 1640.
 
 Gerasta v. Hibernia National Bank,
 
 5 Cir.1978, 575 F.2d 580.
 

 B.
 
 Maintaining an Action for Monetary Damages
 

 To bring an affirmative action against a creditor for statutory damages, the debtor must bring the action “within one year from the date of the occurrence of the violation”.
 
 [6]
 
 15 U.S.C. § 1640(e) (1979). The violation “occurs” when the transaction is consummated.
 
 Wachtel v. West,
 
 6 Cir., 476 F.2d 1062,
 
 cert. denied,
 
 1973, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114. Nondisclosure is not a continuing violation for purposes of the statute of limitations.
 
 Id.
 
 Accordingly, Smith’s affirmative action for monetary damage, brought with her request for rescission in 1980, was clearly time-barred.
 

 To avoid the time bar, Smith asserts that she can maintain her action for monetary damages defensively on a theory of recoupment.
 
 [7]
 
 AFS contends that a TILA counterclaim to a creditor’s cause of action for the debt is a setoff,
 
 [8]
 
 not a recoupment. A setoff, unlike a recoupment, is subject to the statute of limitations.
 
 E.g., Hodges v. Community Loan & Investment Corp.,
 
 1975, 133 Ga.App. 336, 210 S.E.2d 826. The courts that have considered the question whether a TILA counterclaim is in the nature of setoff or recoupment have divided on the issue.
 
 Compare Household Finance Corp. v. Hobbs,
 
 1978, Del.Super., 387 A.2d 198;
 
 Pacific Concrete Federal
 
 
 *1553
 

 Credit Union v. Kauanoe,
 
 1980, 62 Hawaii 334, 614 P.2d 936;
 
 Wood Acceptance Co. v. King,
 
 1974, 18 Ill.App.3d 149, 309 N.E.2d 403;
 
 Termplan Mid-City, Inc. v. Laughlin,
 
 1976, La.Ct.App., 333 So.2d 738;
 
 Garza v. Allied Finance Co.,
 
 1978, Tex.Civ. App., 566 S.W.2d 57, holding that a TILA counterclaim is in the nature of recoupment
 
 with Basham v. Finance America Corp.,
 
 7 Cir.1978, 583 F.2d 918;
 
 Hewlett v. John Blue Employees Federal Credit Union,
 
 1976, Ala.App., 344 So.2d 505;
 
 Hodges v. Community Loan & Investment Corp.,
 
 1974, 133 Ga.App. 336, 210 S.E.2d 826,
 
 affd in part and rev’d in part on other grounds,
 
 1975, 234 Ga. 427, 216 S.E.2d 274;
 
 Public Loan v. Hyde,
 
 1977, 89 Misc.2d 226, 390 N.Y.S.2d 971, holding that a TILA counterclaim is in the nature of a setoff.
 

 We leave this complex question for another day, because we find that on the facts of this case Smith cannot maintain her claim for monetary damages whether that claim is classified as a recoupment or as a setoff.
 

 In
 
 Bull v. United States,
 
 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, the Supreme Court held that
 

 “recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiffs action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.”
 

 295 U.S. at 262, 55 S.Ct. at 700 (footnote omitted). Thus, to maintain her claim for monetary damages under
 
 Bull,
 
 Smith must show that (1) the TILA violation and the creditor’s debt claim arose from the same transaction, (2) she is asserting her claim as a
 
 defense,
 
 and (3) the “main action” is timely. All three requirements must be satisfied.
 

 The first requirement — that the TILA violation and the state law debt claim arise from the “same transaction” — is the subject of much dispute. In
 
 Hodges v. Community Loan & Investment Corp.,
 
 1974, 133 Ga.App. 336, 210 S.E.2d 826, the Georgia appeals court applying Georgia law held that a TILA counterclaim is in the nature of setoff, not recoupment, because the causes of action do not arise from the mutual obligations or covenants of the loan transaction. The court found that the TILA cause of action was an affirmative action for an independent wrong, not a defense to the justice of the creditor’s cause of action on the debt. 210 S.E.2d at 832. Other courts have taken a more pragmatic approach and have reached a contrary result. In
 
 Household Finance Corp. v. Hobbs,
 
 1978, Del.Super., 387 A.2d 198, the court held that a TILA counterclaim was a recoupment. The court determined that the TILA claim and the debt claim arose from the same transaction, because the credit terms that must be disclosed under TILA were an “integral part of a loan transaction” the breach of which forms the basis for the creditor’s claim.
 
 Id.
 
 at 200. On a practical level, the court found that a contrary holding would defeat the purposes of TILA by encouraging lenders to wait more than one year to sue on a borrower’s default.
 
 Id.; see also
 
 Note,
 
 Consumer Protection
 
 — Restrictions
 
 on Defenses and Counterclaims Based on Truth in Lending Violations,
 
 13 Wake Forest L.Rev. 189, 197 (1977). Many borrowers are unfamiliar with the requirements of TILA and do not know that they have a cause of action against the creditor until they consult a lawyer after being sued by the creditor.
 
 [9]
 

 See
 
 Comment,
 
 Truth in Lending and the Statute of Limitations,
 
 21 Vill.L.Rev. 904, 913 (1976).
 

 To encourage creditors to assert their rights in a timely fashion and to enforce the TILA, a debtor is allowed to assert the time-barred claim for statutory damages by way of recoupment. We do not attempt to resolve this dispute, because we find that the second and third requirements of the
 
 Bull
 
 test dispose of Smith’s contention.
 
 *1554
 
 To qualify as recoupment a cause of action must be asserted defensively. Under the facts of this case, Smith’s cause of action is not asserted as a defense. Smith seeks statutory damages under section 1640(a)(2); she does not contend that she suffered any actual damage as a result of AFS’s nondisclosure that should be offset from the amount of the debt. In such circumstances, the Seventh Circuit held that the TILA claim is not “directed at or an answer to the underlying debt”, but rather that it is an action for
 
 affirmative relief
 
 for statutory violations.
 
 Basham v. Finance America Corp.,
 
 7 Cir.1978, 583 F.2d 918, 928.
 

 That Smith’s suit is one for affirmative relief is exemplified by the procedural posture of this case. Smith haled AFS into court seeking monetary damages and rescission. Only then did AFS assert its claim on the underlying obligation.
 
 [10]
 
 Smith is now attempting to assert her time-barred affirmative claim as a counterclaim; this change of labels does not effect a change in the essential character of the action. Because Smith’s claim is not asserted as a defense to or denial of the creditor’s claim, it cannot be classified as a recoupment.
 

 The procedural posture of the case points out an additional flaw in Smith’s contention that her TILA cause of action is a recoupment not subject to the statute of limitations.
 
 Bull
 
 requires that the “main action”, that is, the
 
 plaintiffs
 
 cause of action, be timely.
 
 Bull,
 
 295 U.S. at 262, 55 S.Ct. at 700. This requirement is based on the premise that, if the litigation is not stale, no issue raised by the litigation is stale. Accordingly, the statute of limitation aimed at precluding stale litigation will not cut off consideration of a defense to the action.
 
 See United States v. Western Pacific Railroad,
 
 1956, 352 U.S. 59, 72, 77 S.Ct. 161, 169, 1 L.Ed.2d 126. In this case, however, the “main action” was the action initiated by Smith as the original plaintiff in this case. This action is stale, and therefore Smith’s counterclaim cannot be classified as a recoupment.
 

 III. RESCISSION
 

 The TILA gives a right of rescission to a consumer debtor who gives a security interest in his principal residence in two circumstances: an unqualified right for three business days following the transaction or until three days after all
 
 material
 
 disclosures are delivered. 15 U.S.C. § 1635(a) (1979);
 
 see also
 
 12 C.F.R. § 226.9(b) (1977). Rescission for material nondisclosures is subject to a three-year statute of limitations. 15 U.S.C. § 1635(f) (1979). This action was brought after the three-day period, but within the three-year period. Smith, therefore, is entitled to rescission only if she can show that AFS failed to make a material disclosure. Smith contends that the failure to disclose on the TILA disclosure form that her residence secured future indebtedness was a material omission that entitled her to rescission of the transaction. The district court found that, although the failure to disclose was a technical violation of Regulation Z, 12 C.F.R. § 226.8(b)(5) (1977), the violation was not material, because the simultaneously executed security deed contained the omitted future advance clause. The district court held therefore that Smith was not entitled to rescind the transaction. We affirm.
 

 A nondisclosure is material if it is of the type that “a reasonable consumer would view as significantly altering the ‘total mix’ of information made available”.
 
 Davis v. Federal Deposit Insurance Co.,
 
 5 Cir.1980, 620 F.2d 489, 492 (citation omitted),
 
 modified,
 
 1981, 636 F.2d 1115. The information must be of the type that would affect a reasonable consumer’s decision to use credit or to engage that creditor when “comparison shopping for credit”.
 
 [11]
 

 Id.;
 
 
 *1555
 

 see also Bustamante v. First Federal Savings & Loan Association,
 
 5 Cir.1980, 619 F.2d 360, 364. The information need not be so important that a reasonable consumer would probably change creditors on the basis of it, but it must be relevant to the credit decision.
 
 Jones v. Fitch,
 
 5 Cir.1982, 665 F.2d 586, 588. We find that the total mix of information available to the consumer is not affected by the failure to disclose on the disclosure statement the extent of the security interest when the disclosure was clearly contained in a simultaneously executed deed.
 

 Our holding is consistent with that reached by a panel of the Fifth Circuit in
 
 Jones v. Fitch,
 
 5 Cir.1982, 665 F.2d 586. In
 
 Jones,
 
 the disclosure statement did not contain a description of the real property that secured the debt. The property, however, was described fully in a simultaneously executed deed. The court found that the failure to describe the property in the disclosure statement was not material, because the disclosure statement - and the deed were executed as part of a
 
 single transaction
 
 and that there was no indication that the debtors did not know that a security interest was being taken in their home.
 
 Id.
 
 at 589-90. The “total mix of information”, therefore, was not affected by the nondisclosure.
 
 Id.
 
 at 589. In this case, we are presented with an analogous situation. As part of a single transaction, the parties executed a disclosure statement and a deed evincing the security interest. Smith signed the deed and received a copy of it along with the disclosure statement. The total mix of information was not altered by the failure to disclose in one document information that was clearly disclosed in the other.
 

 Our conclusion in this case is supported by comparing
 
 Jones
 
 with a later decision of the Fifth Circuit,
 
 Williamson v. Lafferty,
 
 5 Cir.1983, 698 F.2d 767. In
 
 Williamson,
 
 the creditor failed to disclose completely the nature the security interest and the property to which it attached on the disclosure statement. Additionally, however, the deed of trust signed by the debtor was blank. The Court distinguished
 
 Jones,
 
 finding that when neither document contained the disclosures the failure to disclose was material, because nothing in the “single transaction” provided the relevant information to the debtor.
 
 Id.
 
 at 770. Unlike the debtor in
 
 Williamson,
 
 Smith was provided with the relevant information. The nondisclosure, although technically a violation of the Act, was not material so as to give Smith a right to rescind the transaction.
 

 IV. CONCLUSION
 

 Smith is not entitled to recover monetary damages for AFS’s technical violation of the Act, because her action was brought more than one year from the date of the occurrence and is time-barred by section 1640(e) of the Act. Nor can she assert her time-barred claim for monetary damages on a recoupment theory, because her demand is not in the nature of a defense and the main action is not timely.
 

 Smith does not have a right to rescind the loan transaction, because the challenged nondisclosure is not material. A reasonable consumer’s decision to use credit would not be affected by a nondisclosure on the disclosure form when the identical information is disclosed fully on another document that is executed simultaneously.
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . Smith also granted AFS a security interest in certain household consumer goods, a designated motor vehicle, and credit life insurance.
 

 [2]
 

 . In the bankruptcy court, AFS maintained that its failure to respond was based on its belief that the automatic stay provisions of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 362 (1979), prohibited any action concerning the debt. The bankruptcy court determined that the automatic stay did not apply to rescission actions, because such actions have the effect of freeing the property of the estate from a security agreement.
 
 In re Smith,
 
 Memorandum Opinion, (Bankr.N. D.Ga. Oct. 13, 1981). This issue was not raised on appeal.
 

 [3]
 

 . 15 U.S.C. § 1640(a) provides that
 

 "(a) ... [Any] creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to the sum of—
 

 (1) any actual damage sustained by such person as a result of the failure: (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction ..., except that the liability ... shall not be less than $100 nor greater than $1,000.”
 

 [4]
 

 . This provision is aimed at enforcement of the Act. It is viewed as imposing a penalty on non-complying lenders, not as providing compensation to injured borrowers. Thus, neither materiality nor actual damage is required. Comment,
 
 Truth In Lending Act
 
 — Defendant’s
 
 Debt Counterclaim
 
 — Compulsory
 
 or Permissive?,
 
 28 Case W.Res.L.Rev. 434, 436 (1978); Ellis,
 
 The Applicability of the Statute of Limitations to Truth-In-Lending Counterclaims,
 
 19 Am.Bus.L.J. 471, 472 (1982).
 

 [5]
 

 . When a creditor obtains a security interest in the debtor’s primary residence, the debtor has a right to rescind for three days following the consummation of the transaction or following the delivery of all material disclosures. The debtor’s right to rescind continues for three years if the disclosures remain deficient.
 
 See
 
 15 U.S.C. § 1635 (1979); 12 C.F.R. § 226.9(h) (1977); Sasamoto,
 
 Rescission Under the Truth-in-Lending Act: Protecting Debtor and Creditor Alike,
 
 20 Urb.L.Ann. 169 (1980).
 

 [6]
 

 . This section was amended in 1980 to take effect on October 1, 1982. It currently reads:
 

 "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection docs not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State, law."
 

 15 U.S.C. 1640(e) (1982 Supp.).
 

 [7]
 

 . Recoupment is "[t]he right of a defendant, in the same action, to cut down the plaintiff’s demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract.” Bal-lcntine's Law Dictionary 1070 (3d cd. 1969).
 

 [8]
 

 . Setoff is defined as “[al counter demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic to the plaintiff’s cause of action”.
 
 Id.
 
 al 1167.
 

 [9]
 

 . The Seventh Circuit, responding to this argument, noted that
 

 "[t]he design of TILA was to provide protection to consumers by affording them meaningful disclosure and thereby an opportunity to shop for credit. It was not designed, nor should it be used to thwart, the valid claims of creditors.”
 

 Basham v. Finance Am. Corp.,
 
 7 Cir.1978, 583 F.2d 918, 928.
 

 [10]
 

 . The automatic stay provided by the Bankruptcy Code would have prohibited any action by AFS after Smith instituted bankruptcy proceedings in March 1980.
 

 [11]
 

 . In
 
 Davis,
 
 we held that a creditor's failure to describe the breakdown of a service charge and the type of security interest created in the disclosure statement was not material when the disclosures were made simultaneously on other documents.
 
 Davis v. Federal Deposit Ins. Corp.,
 
 
 *1555
 
 5 Cir.1980, 620 F.2d 489, 492,
 
 modified,
 
 1981, 636 F.2d 1115.