**R.B. MOOR, Plaintiff-Appellant,**

v.

**The TRAVELERS INSURANCE CO., Defendant-Appellee.**

No. 85–4586
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 10, 1986.

Rehearing Denied April 25, 1986.

R.B. Moor, pro se.

Rhesa H. Barksdale, R. Barry Cannada, Daniel J. Mulholland, Jackson, Miss., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

R.B. Moor appeals the dismissal of his complaint alleging that Travelers Insurance Company (Travelers) violated provisions of the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.* The district court concluded that the action was time-barred under the TILA's limitation provisions and dismissed the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm.

## FACTS

On February 14, 1978, Travelers loaned Moor $525,000, secured by a deed of trust on property in Leflore County, Mississippi. It appears that at the time of the loan transaction, Travelers did not give Moor the creditor's disclosure statements required by 15 U.S.C. § 1638(a). Moor defaulted on the loan and Travelers foreclosed on the Leflore County property.

On April 10, 1985, Moor filed the instant complaint, seeking rescission of the loan transaction under 15 U.S.C. § 1635(a)–(b), statutory damages under § 1640(a)(2)(A), and attorneys' fees under § 1640(a)(3). The action was grounded on Travelers' failure to provide the statutorily mandated disclosure statements. Travelers' successfully invoked the one- and three-year limitations provisions of the TILA.

## ANALYSIS

Concluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation. *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641 (8th Cir.1980). The credit transaction is consummated at the moment "a contractual relationship is created between [a creditor and a customer] ...." *Bourgeois v. Haynes Construction Co* 728 F.2d 719, 720 (5th Cir.1984) (applying 12 CFR § 226.-2(kk) as it existed at the time of the contract). As Judge Wisdom, sitting by designation, noted in *In re Smith*, 737 F.2d 1549, 1552 (11th Cir.1984): "The violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." (Citation omitted.)

The transaction before the court was consummated on February 14, 1978, the date upon which the limitations periods began.

It is obvious that Moor's suit for monetary damages under § 1640(a), initiated more than seven years after the loan transaction, is barred by the one-year statute of limitations set forth in § 1640(e).[1] *In re Smith*, 737 F.2d at 1552, 1555; *Jackson v. Columbus Dodge, Inc.*, 676 F.2d 120 (5th Cir.1982); *Davis v. Federal Deposit Insurance Corp.*, 620 F.2d 489 (5th Cir. 1980), *modified*, 636 F.2d 1115 (1981); *accord*, *Felt v. Federal Land Bank Ass'n*, 760 F.2d 209 (8th Cir.1985). Likewise, his claim for rescission is barred by the three-year statute of limitations set forth in § 1635(f).[2]

We are not persuaded by Moor's argument that the limitations period should not run until a reasonable person would have been put on notice of the facts constituting the cause of action, and that this did not occur at the time of the consummation of the transaction. To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct. *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148 (5th Cir.1979), *cert. denied*, 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980). Moor has not alleged that Travel-

---

**1.** 15 U.S.C. § 1640(e) provides: "Any action under this section may be brought in any United States district court or in any court of competent jurisdiction, within one year from the date of the occurrence of the violation."

**2.** 15 U.S.C. § 1635(f) provides:

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs earlier, notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this chapter have not been delivered to the obligor.

ers concealed material facts, nor could he. The causative fact was Travelers' failure to disclose the required information when the loan was concluded. That occurred on February 14, 1978. Moor knew or should have known of this failure as of that date.

■ Nor may Moor avoid the statute of limitations under any of TILA's exceptions. He cannot revive a time-barred claim by characterizing his suit as a "defense to an illegal claim" under the recoupment theory provided by the statute. Under the express language of § 1640(e) [3] a recoupment or set-off claim will be exempt from the one-year statute of limitations only when the debtor's claim is raised as a defense or a counterclaim to a creditor's "action to collect the debt."

[The Supreme Court teaches in *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935), that "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." To maintain a claim for recoupment, the debtor must show that (1) the TILA violation and the debt are products of the same transaction, (2) the debtor asserts the claim as a defense, and (3) the main action is timely. *In re Smith.* Moor's claim founders on the second and third elements. When the debtor hales the creditor into court, as Moor has done in this case, the claim by the debtor is affirmative rather than defensive. As such, it is subject to the one- and three-year limitations provisions. *In re Smith.*

The limitations of §§ 1640(e) and 1635(f) apply. The exceptions to those sections do not apply.

The judgment of the district court is AFFIRMED.

---

**3.** 15 U.S.C. § 1640(e), as amended, provides:
Any action under this subsection may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter *in an action to collect the debt* which was brought more than one year from the date of the occurrence of the violation *as a matter of defense* by recoupment or set-off *in such action*, except as provided by State law. (Emphasis added.)