In re Susan J. NORRIS, Debtor.

HORIZON FINANCIAL, F.A., Plaintiff,

v.

Susan J. NORRIS and Edward Sparkman, Trustee, Defendants.

Civ. A. No. 88–4355.
Bankruptcy No. 87–03896F.

United States District Court, E.D. Pennsylvania.

March 11, 1992.

David A. Searles, Philip A. Bertocci, Community Legal Services, Inc., Philadelphia, Pa., for appellee.

Don F. Marshall, Newtown, Pa., for appellant.

Edward Sparkman, trustee, pro se.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

### INTRODUCTION:

In this bankruptcy appeal, a mortgagee, Horizon Financial, F.A. ("Horizon"), has sought appellate review of a May 10, 1988 Order of the bankruptcy court sustaining the objection of Susan J. Norris ("the Debtor") to the secured proof of claim of Horizon and granting recoupment of $1,000.

Jurisdiction over this bankruptcy appeal in this court is pursuant to 28 U.S.C.A. § 158(a) (West 1968 & Supp.1991). I have reviewed the record on appeal (Document Nos. 1 and 3), and the May 10, 1988 opinion and Order of the bankruptcy court (Document No. 3, Tab 10), as well as the appellate briefs of Horizon and the Debtor (Document Nos. 4 and 5, respectively). For the reasons set forth below, I shall affirm the May 10, 1988 Order of the bankruptcy court.

### FACTUAL BACKGROUND:

Susan J. Norris filed a Chapter 13 bankruptcy petition on August 3, 1987. Thereafter, Horizon filed a secured proof of claim in this bankruptcy case in the amount of $2,993.72 (Document No. 1, Tab 5). The claim included the sum of $1,000 in attorneys' fees.

The Debtor objected to claim of Horizon on two grounds: 1) the claim sought excessive fees,[1] and 2) the claim should be reduced by $1,000 for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, allegedly committed by Horizon in connection with a residential mortgage transaction with the Debtor.[2] *See* Document No. 1, Tab 6. At the hearing before the bankruptcy court, neither party presented testimony, relying instead on four documents introduced into evidence by stipulation, which included: 1) a truth-in-lending disclosure statement, 2) the mortgage agreement, 3) the mortgage settlement sheet, and 4) the mortgage Note. *See* Document No. 1, Tab 7, Exs. P–1 through P–4.

---

1. On March 1, 1988, counsel for both parties informed the bankruptcy court that the objection to the attorneys' fees had been settled, and that Horizon would be allowed such fees in the amount of $300. *See* Bankruptcy Opinion, at 2 (Document No. 1, Tab 10).

2. In 1980, Congress amended TILA in several respects. The amended provisions apply only to loans consummated on or after October 1, 1982. *See* 15 U.S.C. § 1602. The transaction at issue here took place in 1978. Therefore, the amended TILA provisions are inapplicable to this mortgage transaction, and the pre–1982 version of TILA is applicable.

THE BANKRUPTCY COURT OPINION:

The bankruptcy court determined that the TILA objection of the Debtor was a defense in the nature of a recoupment to the proof of claim submitted by Horizon. The court, therefore, held that the one-year statute of limitations for *affirmative* TILA claims, 15 U.S.C. § 1640(e), did not apply, because the TILA claim here was raised *defensively* as an action in recoupment. *See* Document No. 3, Tab 10, at 2–3.

The bankruptcy court then found that Horizon had committed a TILA violation in its negotiation over its mortgage with the Debtor. Specifically, the bankruptcy court agreed with the Debtor that Horizon violated former 15 U.S.C. § 1639(a)(8), which requires a creditor to disclose accurately a "description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit...." *See* Document No. 3, Tab 10, at 4–5.

On July 26, 1978, the Debtor and the predecessor of Horizon, Trevose Federal Savings and Loan Association ("Trevose"), entered into a purchase money mortgage transaction. *See* Document No. 1, Tab 7, Ex. P–2. In connection therewith, Trevose, the mortgagee, provided the Debtor with a disclosure statement which stated the following:

7. This Association's security interest in this transaction is a mortgage on property located at 3886 Dungan Street, Philadelphia, PA 19124 to be more specifically

described in the mortgage instruments which, upon execution, will cover *all after acquired property* and also stand as security for future advances.

*See* Document No. 1, Tab 7, Ex. P–1 (emphasis added). The bankruptcy court interpreted the mortgage instrument itself, a different document from the disclosure statement just excerpted, as covering all future advances, but not "after acquired property." [3] The bankruptcy court thus determined that a TILA violation had occurred under 15 U.S.C. § 1639(a)(8), because no provision existed in the mortgage which granted a security interest as broad as that disclosed to the borrower in the disclosure statement.[4] *See* Document No. 3, Tab 10, at 4–5.

DISCUSSION:

*The Scope of Review on Appeal*

■ The scope of review that a district court is provided in examining the factual findings of a bankruptcy court is set forth in Bankruptcy Rule 8013:

On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous*, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

---

3. The mortgage instrument stated, in pertinent part, as follows:

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are herein referred to as the "Property".

(Document No. 1, Tab 7, Ex. P–2). In addition, paragraph 21 of the mortgage instrument reads in pertinent part:

Such Future Advances, with interest thereon, shall be secured by this mortgage when evi-

denced by promissory notes stating that said notes are secured hereby.

*Id.*

4. Having found a TILA violation, the bankruptcy court did not address itself to three additional TILA violations that the Debtor alleged Horizon had committed, as TILA allows only one $1,000 recovery, regardless of the number of TILA violations. *See* Document No. 3, Tab 10, at 6 n. 6 (citing *Carney v. Worthmore Furniture, Inc.,* 561 F.2d 1100, 1103 (4th Cir.1977), and *Cadmus v. Commercial Credit Plan, Inc.,* 437 F.Supp. 1018, 1019 (D.Del.1977)). These additional alleged violations included: 1) failure to disclose the amount financed, 2) failure to disclose the date on which the finance charge will begin to accrue, and 3) failure to disclose the dates of mortgage payments. *See* Document No. 3, Tab 9, at 3–6.

11 U.S.C.A. Rule 8013 (West 1984 & Supp. 1991) (emphasis added). *See also Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988) ("The findings of fact by the bankruptcy court are reviewable only for clear error." (citations omitted)).

The clearly erroneous standard of review mandated by Rule 8013 for findings of fact does not apply, however, in examining conclusions of law by a bankruptcy court. Legal conclusions of a bankruptcy judge are subject to a plenary review by a district court on appeal. *Brown*, 851 F.2d at 84; *Frymire v. Paine Webber, Inc.*, 107 B.R. 506, 509 (E.D.Pa.1989) (" 'The bankruptcy court's legal conclusions ... may not be approved without our independent determination of the legal questions.' ") (quoting *In Re Gilchrist Co.*, 410 F.Supp. 1070, 1074 (E.D.Pa.1976)).

■■■ " 'When construction of a contract is the issue before the appellate court, the question is one of law and is freely reviewable.' " *Wiltshire v. Government of Virgin Islands*, 893 F.2d 629, 633 (3d Cir.1990). Also, whether the terms of a contract are ambiguous is a question of law. *St. Paul Fire and Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir.1991). If the contract or instrument in question is not susceptible to differing interpretations, it is not ambiguous. *Id.* *See also In Re F.A. Potts & Co., Inc.*, 115 B.R. 66, 70 (E.D.Pa.), *aff'd*, 922 F.2d 830 (3d Cir.1990).

*The Appeal of the Order of May 10, 1988*

As discussed above, the bankruptcy court issued an Order and opinion on May 10, 1988, after notice and a hearing, that sustained the objections of the Debtor to the proof of claim submitted by Horizon.

As a result, the bankruptcy court granted the Debtor recoupment in the statutory amount of $1,000 for a TILA violation.

The Truth in Lending Act is a federal statute which regulates the terms and conditions of consumer credit. The primary purpose of the TILA, along with Federal Reserve Regulation Z ("Regulation Z"), 12 C.F.R. §§ 226.1 *et seq.*,[5] is to assure the informed use of credit through meaningful disclosure of credit terms so that consumers may more readily compare different financing options and costs. *See* 15 U.S.C. § 1601. Pursuant to TILA, a creditor must issue to a borrower a disclosure statement summarizing certain information in the loan documents. 15 U.S.C. §§ 1631–32. Upon the failure of a creditor to make the necessary and proper disclosures, TILA provides the debtor with several remedies, including an award of actual damages, attorneys' fees, and an additional statutory award of up to $1,000. 15 U.S.C. § 1640(a). Finally, an action for damages for a violation of TILA, filed pursuant to Section 1640(e), must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e).[6]

■■■ Under the facts in this case, the Debtor would be barred from bringing an affirmative action for a TILA violation. This much is not in dispute. The primary issue here, therefore, is whether the one year bar to the institution of a TILA suit also prohibits the Debtor from objecting to a proof of claim filed by a lender who allegedly violated the TILA where the proof of claim was filed more than one year after the alleged TILA violation.

The bankruptcy courts and district courts in this district have held that a Debtor is permitted to raise defensively a TILA violation as an objection to the proof of claim of a creditor.[7] *See Gambale v. Lo-*

---

5. The Federal Reserve Board has issued Regulation Z pursuant to rule making powers conferred upon it by Section 105 of TILA, 15 U.S.C.A. § 1604 (West 1976).

6. Section 1640(e) states:
   (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

15 U.S.C. § 1640(e) (1976).

7. Section 1640(e) was amended in 1980 to include an express provision permitting a Debtor to assert a TILA violation as a matter of defense by recoupment or set-off after the one year statute of limitations had run for affirmative actions. Section 1640(e), in pertinent part, presently states:
   This subsection does not bar a person from asserting a violation of this subchapter in an

*mas & Nettleton Co.*, 80 B.R. 308, 309 (E.D.Pa.1987); *Werts v. Federal Nat'l Mortgage Ass'n*, 48 B.R. 980, 983–43 (E.D.Pa.1985); *In Re Johnson–Allen*, 67 B.R. 968, 972–74 (Bankr.E.D.Pa.1986); *In Re Perry*, 59 B.R. 947, 949 (Bankr.E.D.Pa. 1986); *In Re Hanna*, 31 B.R. 424, 426 (Bankr.E.D.Pa.1983). When such an objection is made, the Debtor raises the TILA violation in the nature of a recoupment, and not as an affirmative action.[8]

Although decisions from other jurisdictions have prohibited a Debtor from reducing a proof of claim of a creditor for a TILA violation, I am persuaded that these cases are distinguishable from the case at hand. Thus, as the bankruptcy court noted (Document No. 3, Tab 10, at 3 n. 4), in the principle case relied on by Horizon, *In Re Smith*, 737 F.2d 1549 (11th Cir.1984), the debtor was the party who initiated the action and haled the creditor into court seeking monetary damages and rescission. *Id.* at 1554.[9] The *Smith* court recognized the division of jurisdictions on the question of whether a TILA counterclaim is in the nature of a set-off or recoupment, and expressly left this complex question for another day. *Id.* at 1553.

Horizon also relies on *Basham v. Finance Am. Corp.*, 583 F.2d 918 (7th Cir. 1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979). While the procedural posture of the case in *Basham* is identical to the case at bar,[10] I find that the reasoning of the opinion is flawed. The *Basham* court relied significantly on the fact that the debtors did not claim that they were actually damaged or injured as a result of the claimed TILA violation. *Id.* at 927. Therefore, the court reasoned that the TILA claim was not directed at or an answer to the underlying debt. *Id.* at 928. As noted below, however, the prevailing law in this circuit is that debtors are presumed to be injured by a TILA violation and need not establish actual harm. Therefore, the objection of the Debtor in this case to the proof of claim because of an alleged TILA violation must be presumed to be directed at or an answer to the underlying debt. This defensive claim in the nature of recoupment is permitted, despite the expiration of the one year statute of limitations for affirmative TILA claims.

■ The law clearly holds that TILA must be strictly construed, and that liabili-

---

action to collect a debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by state law.

15 U.S.C. § 1640(e). This section applies to those mortgage transactions that were consummated after the effective date of the statute, *i.e.*, those transactions executed more than two years and six months from March 31, 1980. *See* 15 U.S.C.A. § 1640 historical note.

8. The Supreme Court of Pennsylvania has defined "recoupment" in the following manner:

'The doctrine of recoupment was derived from the civil law, and was adopted as a part of the common law. Under it a defendant is entitled to claim, by way of deduction, all just allowances or demands, accruing to him in respect of the same transaction that forms the ground of the action. This is not a set-off ... in the strict sense, because it is not in the nature of a cross demand, *but rather it lessens or defeats any recovery by the plaintiff. It goes to the existence of plaintiff's claim, and is limited to the amount thereof*

....

Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense,

although as an affirmative cause of action it may be barred by limitation. The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists. *It is a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced.'*

*In Re Hanna*, 31 B.R. 424, 425 (Bankr.E.D.Pa. 1983) (emphasis in original) (quoting *Household Consumer Discount Co. v. Vespaziani*, 490 Pa. 209, 415 A.2d 689, 694 (1980)).

9. A similar situation occurred in *Moor v. Travelers Ins. Co.*, 784 F.2d 632 (5th Cir.1986), where the court prohibited a debtor from maintaining a claim for recoupment past the one year statute of limitations. *Id.* at 634. The *Moor* court stated that "[w]hen the debtor hales the creditor into court ... the claim by the debtor is affirmative rather than defensive." *Id.*

10. As in this case, the debtors in *Basham* filed a petition for voluntary bankruptcy under Chapter XIII of the Bankruptcy Act. Thereafter, creditors filed claims in the bankruptcy case, to which the debtors objected with a petition alleging TILA violations. *Basham*, 583 F.2d at 927.

ty must be imposed for a TILA violation, no matter how technical. *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248–50 (3d Cir.1980).[11] Further, any proven TILA violation is presumed to injure the borrower by frustrating the legislative purpose of this statute of enabling the consumer to compare various credit terms. *Dzadovsky v. Lyons Ford Sales, Inc.*, 593 F.2d 538, 539 (3d Cir.1979). Because TILA provides for statutory damages in addition to actual damages, a plaintiff need not show actual harm. *Griggs v. Provident Consumer Discount Co.*, 680 F.2d 927, 930 (3d Cir.), *vacated on other grounds*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

Section 129(a)(8) of TILA, 15 U.S.C. § 1639(a)(8),[12] requires that a creditor accurately disclose the "description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit." [13] Section 226.8(b) of Regulation Z, 12 C.F.R. § 226.8(b), contains the disclosure requirements for the type of transaction here. Section 226.8(b) mandates that the creditor provide "[a] description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.... If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." 12 C.F.R. § 226.8(b)(5).

In this case, the disclosure statement describes the security interest as covering "all after acquired property." Document No. 1, Tab 7, Ex. P–1. However, as the Debtor argued, and as the bankruptcy court correctly found, the actual mortgage instrument makes no mention of a security interest as broad, but rather is limited to "all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this mortgage[.]" Document No. 1, Tab 7, Ex. P–2. As the Debtor argues in her brief, Document No. 5, at 12, there is a distinct difference between "after acquired property" and "fixtures," the latter representing a more restrictive security interest than the former.[14] Here, the mortgage creates a security interest in only that property which becomes, upon attachment to the realty,[15] a fixture. The disclosure statement, however, indicates that the security interest will be perfected against "all after acquired property."

■ I find, as a matter of law, that the language in the mortgage instrument is not ambiguous, because it is not susceptible to an interpretation that creates a security

---

**11.** There are two exceptions to the strict liability standard: (1) the error must be rectified in writing within fifteen days of discovery, 15 U.S.C. § 1640(b); and (2) the error must be unintentional, 15 U.S.C. § 1640(c). *See Thomka,* 619 F.2d at 248.

**12.** This TILA provision remained effective until October 1, 1982, when it was repealed by Pub.L. 96–221, 94 Stat. 180, Title VI, § 614(d)(1).

**13.** Section 129(a)(8), 15 U.S.C. § 1639(a)(8), of TILA states, in pertinent part:

(a) Any creditor making a consumer loan or otherwise extending credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

....

(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.

**14.** A fixture is "[a]n article in the nature of personal property which has been so annexed to the realty that is regarded as a part of the real property." Black's Law Dictionary 638 (6th ed. 1990) (citation omitted). Whereas after acquired property is "[p]roperty of [the] debtor which is acquired after [a] security transaction covering [the] property already owned is perfected." *Id.* at 61.

**15.** "A thing is deemed to be affixed to real property when it is attached to it by roots, imbedded in it, permanently resting upon it, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws." Black's Law Dictionary 638 (6th ed. 1990).

interest as broad as that described in the disclosure statement. *Cf. In Re Cervantes,* 67 B.R. 816, 819 (Bankr.E.D.Pa. 1986) (mortgage instrument deemed to include a security interest in after acquired property where the language reads "any and all appliances, machinery, furniture and equipment (whether fixture or not) of any nature whatsoever"). Similarly, I also find that the relevant language of the disclosure statement is not ambiguous, as it is not susceptible of being construed to provide a security interest as narrow as that found in the mortgage instrument. Accordingly, I conclude as a matter of law that the bankruptcy court was correct in finding a violation of pre–1982 TILA Section 129(a)(8), 15 U.S.C. § 1639(a)(8), because the disclosure statement given the Debtor inaccurately described the security interest created by the mortgage instrument.

As at least one circuit court of appeals has stated, the failure accurately to disclose a security interest, no matter how technical or *de minimis* the inaccuracy, "might well have an adverse impact on [a] borrower in either of two distinct ways: by deterring future borrowing or property acquisition out of an exaggerated belief in the security interest to which they would be subject, or by giving a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan." *Bizier v. Globe Fin. Servs., Inc.,* 654 F.2d 1, 3–4 (1st Cir.1981). Since I agree with the conclusions of the bankruptcy court that Horizon committed a TILA violation by failing accurately to describe the security interest in the disclosure document, and that the objections of the debtor were in the nature of a recoupment, I affirm the Order of the bankruptcy court to reduce the proof of claim of Horizon by $1,000.

CONCLUSION:

For the foregoing reasons, the appeal of Horizon from the May 10, 1988 Order of the bankruptcy court shall be denied. That Order shall thus be affirmed.