[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15082
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03530-AT

CARLTON HACKETT,

Plaintiff-Appellant,

versus

COLUMBIA EQUITIES, LTD.,
INDYMAC FEDERAL BANK,
ONE WEST BANK FSB,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 31, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Hackett, proceeding <u>pro se</u>, filed a lawsuit against three financial companies asserting a variety of state and federal claims related to a mortgage contract. The district court dismissed the claims against Columbia Equities, Ltd. and IndyMac Federal Bank for improper service, and it dismissed the claims against One West Bank because they were either time barred or failed to state a claim upon which relief could be granted. This is Hackett's appeal.

I.

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). We review only for an abuse of discretion the sua sponte dismissal of a complaint for failure to comply with Rule 4(m). <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010).

Hackett did not serve Columbia Equities and IndyMack within 120 days of filing his complaint even though the district court twice warned Hackett that if he did not properly serve those defendants it would dismiss his claims against them. The district court's decision to dismiss the claims instead of giving Hackett a third warning was not an abuse of discretion.

II.

With the claims against Columbia Equities and IndyMack dismissed, all that remained were Hackett's claims against One West, which the district court dismissed because they failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) or because they were time barred. "We review de novo the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Clark v. Riley, 595 F.3d 1258, 1264 (11th Cir. 2010). We also review de novo the district court's finding that a claim is time barred. Dodd v. United States, 365 F.3d 1273, 1277 (11th Cir. 2004). "And although we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).

Hackett's complaint has two counts, both of which apply to One West. Count 1 is for breach of contract. The factual basis for that claim is that Hackett was provided with a "Good Faith Estimate" that described a single mortgage loan but was instead given two different loans at the time of closing. A Good Faith Estimate, however, is an estimate and not a contract that can be breached, so count 1 does not state a breach of contract claim.

Count 2 of Hackett's complaint is for "material alteration of the note."

3

Hackett does not point to any statutory or common law rule that imposes civil liability on a party who materially alters a note. Count 2 does not state a claim.

The complaint also asserts that One West violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. A plaintiff making a TILA claim must file suit within either one year or three years from the date the violation occurred, depending on the nature of the claim the plaintiff is making. See 15 U.S.C. § 1640(e). A TILA "violation 'occurs' when the transaction is consummated." In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984). Hackett consummated the mortgage contract on which he is suing in December 2004, but he did not file this lawsuit until more than five years later in October 2010. Regardless of which statute of limitations applies to the TILA claim, it is time barred.[1]

**AFFIRMED.**

---

[1] Hackett's complaint references a variety of other state and federal statutes, including "Federal Antitrust laws," "Federal Racketeering laws," Ga. Code Ann. § 13-1-12, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Even if Hackett's reference to those statutes can be construed as asserting a legal theory of recovery, the complaint does not allege sufficient facts to support a cause of action under any of them.