**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3374
_____

DIANE R. GOCHIN,
                                        Appellant

v.

ANDREW L. MARKOWITZ, d/b/a MCCABE WEISBERG CONWAY LLC;
EMC MORTGAGE/JP MORGAN CHASE BANK;
BAYVIEW LOAN SERVICING LLC;
LSF9 MASTER PARTICIPATION TRUST, a/k/a Caliber Home Loans, Inc.;
JUDGE THOMAS C. BRANCA, Montgomery County Court of Common Pleas

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-03348)
District Judge: Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2019

Before: CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: October 21, 2019)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Diane Gochin appeals the District Court's order dismissing her second amended complaint under 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291. For the reasons detailed below, we will affirm the District Court's judgment.

Gochin alleged that, in November 2007, defendant EMC Mortgage offered her a modification to her home loan that would reduce the principal and interest rate. She claims, however, that EMC misled her about the actual terms of the modification, which actually carried a higher-than-promised interest rate and increased the loan's principal. Gochin defaulted on the loan in 2010. Defendants JP Morgan Chase and Bayview Loan Servicing, successors in interest to EMC, filed and litigated a foreclosure action against Gochin in the Montgomery County Court of Common Pleas. Defendant Judge Branca, who presided over the foreclosure action, eventually granted judgment in favor of Bayview. Gochin appealed, and the Pennsylvania Superior Court affirmed. See LSF9 Master Participation Tr. v. Rosetsky, No. 471 EDA 2017, 2018 WL 3083990 (Pa. Super. Ct. June 21, 2018).

Gochin then filed her complaint in the District Court, naming as defendants EMC, JP Morgan Chase, Bayview, and Judge Branca, as well as Andrew Markowitz (a debt

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

collector) and LSF9 Master Participation Trust (which bought Gochin's home at a sheriff's sale). She raised claims under 42 U.S.C. § 1983; a variety of consumer-protection statutes, including the Truth in Lending Act (TILA); and Pennsylvania law. The District Court twice dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2), and finally dismissed Gochin's second amended complaint with prejudice. The court concluded that to the extent Gochin sought review and rejection of the state court's foreclosure judgment, her claims were barred by the Rooker-Feldman doctrine, see D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923), and to the extent that Gochin sought to void an ongoing ejectment proceeding, the court would abstain under Younger v. Harris, 401 U.S. 37 (1971). The court further ruled that Gochin's claims under the consumer-protection statutes were time-barred or failed to state a claim, and that her § 1983 claims failed because Judge Branca was protected by judicial immunity and Andrew Markowitz was not a state actor. Finally, the court declined to exercise supplemental jurisdiction over Gochin's state-law claims.[1] Gochin appealed. In this Court, Gochin stipulated to the dismissal of the appeal as to defendants EMC Mortgage and JP Morgan Chase, but has maintained her claims against the remaining defendants.

Appellant Markowitz argues that we should either dismiss Gochin's appeal or deem all of her claims waived because she has not adequately identified the issues she seeks to raise. We do agree with Markowitz that Gochin has not challenged the majority of the

---

[1] Gochin also filed a motion for reconsideration, which the District Court denied. Because Gochin did not file a new or amended notice of appeal encompassing the order denying her motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253–54 (3d Cir. 2008).

District Court's rulings in any way, and we will consider only those issues that Gochin has raised in her brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (alteration in original) (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion))); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). However, we conclude that Gochin has adequately raised at least a few claims for our review.

First, Gochin argues that, although she proceeded in forma pauperis, the District Court should not have screened her complaint under 28 U.S.C. § 1915(e)(2) because she is not a prisoner. She is incorrect. See, e.g., Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike . . . .").

Next, Gochin argues that the District Court erred in deeming all of her TILA claims untimely because she asserted a recoupment claim. As she points out, 15 U.S.C. § 1640(k)(1) provides that "when a creditor, assignee, or other holder of a residential mortgage loan . . . initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan," the debtor may assert certain claims "as a matter of defense by recoupment or set off," without regard to TILA's standard statute of limitations. However, as its plain language reveals, § 1640(k)(1) authorizes the debtor to bring such a claim as a defense in an action brought by the creditor, not

4

as an affirmative claim. See Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986); see also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415–16 (1998). Nor is there merit to Gochin's argument that the District Court should have assumed jurisdiction over the state action under 28 U.S.C. § 1367. Section 1367 grants district courts supplemental jurisdiction over state-law claims; it is not a removal statute. And, by the time Gochin filed her federal action, it was far too late to remove the state action to federal court. See id. § 1446(b).

Finally, Gochin objects to the District Court's ruling that Judge Branca was absolutely immune from suit. We discern no error in the District Court's conclusion. Gochin's claims concern Judge Branca's performance in the foreclosure action, and "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .").

Further, because Gochin has not shown that "a declaratory decree was violated or declaratory relief was unavailable," she is not entitled to injunctive relief against Judge Branca. 42 U.S.C. § 1983; see also Azubuko, 443 F.3d at 304. Finally, although declaratory relief may be available against judges in some circumstances, see Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197–98 (3d Cir. 2000), the District Court did not err by declining to enter a declaratory judgment here. Declaratory relief is "by definition prospective in nature," CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013),

5

and Gochin was therefore not entitled to a declaration that Judge Branca <u>previously</u> violated her rights in the forfeiture action. <u>See</u> <u>United States v. Doherty</u>, 786 F.2d 491, 498 (2d Cir. 1986) (explaining that the purpose of a declaratory judgment "is to have a declaration of rights not already determined, not to determine whether rights already adjudicated were adjudicated properly"); <u>see also</u> <u>Bauer v. Texas</u>, 341 F.3d 352, 358 (5th Cir. 2003).

Accordingly, we will affirm the District Court's judgment.