[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15222
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23370-JEM

MAURICE SYMONETTE,
BOSS GROUP MINISTRIES,
FERRIS RHODES, JR.,

Plaintiffs-Appellants,

versus

V.A. LEASING CORPORATION,
EURO MOTORSPORTS SALES,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Symonette and Ferris Rhodes, Jr. appeal the district court's dismissal of their complaint alleging that V.A. Leasing Corporation ("V.A. Leasing") and Euro Motor Sport, Inc.  ("Euro") defrauded them in connection with a vehicle lease.  On appeal, they argue that the district court erred in finding that Symonette is not a real party in interest and in dismissing Rhodes, Jr.'s complaint for failure to state a claim.

I.

We review our own jurisdiction *de novo* and must raise the issue *sua sponte*. *Finn v. Prudential-Bache Secur., Inc.*, 821 F.2d 581, 585 (11th Cir. 1987).  Notices of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B).  Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.  *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 681, 116 L. Ed. 2d 678 (1992).  However, it is contrary to the spirit of the Federal Rules of Civil Procedure to avoid decisions on the merits on the basis of mere technicalities such as an inept but effective notice of appeal. *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 229, 9 L. Ed. 2d 222 (1962). We liberally construe the requirements of Rule 3.  *Smith*, 502 U.S. at 248, 112 S. Ct. at 681.  An appeal is not lost if a mistake is made in designating the judgment

appealed from where it is clear that the overriding intent was effectively to appeal. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006).  We have liberally allowed appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered before the order properly designated in the notice of appeal.  *Id*.

Here, the notice of appeal explicitly states that the appeal is taken from the denial of Symonette's motion to reconsider—not the district court's judgment.  However, it is evident from the notice that the overriding intent was to appeal the district court's judgment.  Consistent with our liberal construction of Rule 3's requirements and of pleadings filed by *pro se* parties generally, we have jurisdiction to review the district court's judgment.

## II.

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  When evaluating a motion to dismiss, we look to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  Further, in a *pro se* action, we construe the complaint more liberally than we would pleadings drafted by lawyers.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

3

An action must be brought by the real party in interest.  Fed. R. Civ. P. 17(a)(1).  This rule protects the defendant against a subsequent action by the real party in interest and ensures that judgments have *res judicata* effect.  *Steger v. GE*, 318 F.3d 1066, 1080 (11th Cir. 2003).  A real party in interest is "the party who, by the substantive law, has the right sought to be enforced."  *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 257 (5th Cir. 1980).

Symonette is not a signatory to the lease at issue, which was signed by Rhodes, Jr. and was intended for the benefit of Boss Group Ministries. Symonette's only alleged connections to the lease are that he gave Boss Group Ministries some of the purchase money and that he serves as president of that corporation.  These connections are not sufficient to make him a real party in interest to this case, and the district court correctly dismissed his complaint.

## III.

As of December 1, 2014, when a party fails to object to a magistrate judge's report, we review only for plain error and only if necessary in the interests of justice.  11th Cir. R. 3-1.  Before that date, when a party failed to object, our practice was to review the district court's findings of fact for plain error and its legal conclusions *de novo*.  *Dupree v. Warden*, 715 F.3d 1295, 1300-1306 (11th Cir. 2013) (criticizing, but applying, the rule announced in *Nettles v. Wainwright*,

4

677 F.2d 404 (5th Cir. Unit B 1982)).  Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

The Truth in Lending Act ("TILA") requires certain disclosures in credit transactions and imposes liability for any failure to disclose a required fact.  *See In re Smith*, 737 F.2d 1549, 1551 (11th Cir. 1984).  TILA explicitly does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes."  15 U.S.C. § 1603(1).  Similarly, the Consumer Leasing Act ("CLA") applies only to a "consumer lease," a term which does not include "a lease for agricultural, business, or commercial purposes."  15 U.S.C. § 1667(1).

Civil claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") must allege a "pattern of racketeering activity," which requires at least two predicate acts of racketeering activities as defined by 18 U.S.C. § 1961(1).  *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1358 (11th Cir. 1985).  Violations of the federal mail and wire fraud statutes are racketeering activities.  18 U.S.C. § 1961(1).  When a RICO claim is predicated on an underlying crime of mail or wire fraud, the complaint must comply with the

5

heightened pleading standard of Fed. R. Civ. P. 9(b).  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).  To avoid dismissal, the plaintiffs must specify (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud.  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).  The purpose of this Rule is to ensure that defendants are reasonably notified of the fraud alleged.  *Id.* at 1381.  In addition, "[i]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) (quotation omitted) (brackets and ellipsis in original).

Because the magistrate judge's report and recommendation was issued before Eleventh Circuit Rule 3-1 became effective and without Rhodes, Jr. being informed of the consequences of Rule 3-1, we review the magistrate judge's findings of fact for plain error and legal conclusions *de novo*, notwithstanding Rhodes, Jr.'s failure to object.

Here, Rhodes, Jr. has not shown that the district court erred in dismissing his TILA and CLA claims because the lease of the Rolls Royce was for business rather than consumer purposes.  Rhodes, Jr. has also not shown that the district court

6

erred in concluding that he had not pleaded his RICO claim with specificity.  He points to no allegations in his complaint that indicate what specific communications were fraudulent.  He also failed to allege the time, place, and person responsible for the statements, the content, and manner in which these statements misled the plaintiffs, or what the defendants gained by the alleged fraud.  The district court did not err in dismissing the TILA, CLA, and RICO claims.

**AFFIRMED.**