[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16173
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03322-RWS

GARTH COOPER,

Plaintiff - Appellant,

versus

COUNTRYWIDE HOME LOANS,
BANK OF AMERICA,
et al,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 6, 2018)

Before JORDAN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Garth Cooper, proceeding *pro se*, appeals the district court's dismissal of his complaint for failure to state a claim in his action seeking an injunction and damages related to the foreclosure sale of his real property. He argues on appeal that the district court erred in dismissing his complaint because he had a right to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and because he is entitled to damages under TILA. After careful review, we affirm.

## I.    BACKGROUND

In his complaint, Cooper alleged that in 2003 he "entered into a credit transaction and executed a Promissory Note in favor of Countrywide Home Loans" for the purchase of real property in Georgia. Compl., Doc. 1 at 3.[1] According to Cooper, however, title to the property was never delivered, and Countrywide failed to make disclosures required by TILA. Cooper attempted to rescind the transaction in 2006 by mailing Countrywide a rescission letter, to which he never received a response. In 2015, Bank of America, N.A. ("BANA")[2] notified Cooper of its intent to foreclose on the property.

---

[1] Citations to "Doc." refer to docket entries in the district court record in this case.

[2] The parties acknowledge that Countrywide Home Loans and Bank of America, N.A. have merged. Thus, like the district court, we will use BANA to refer to both defendants.

Cooper alleged that BANA's foreclosure was "void" because BANA was not the holder of the promissory note for the property. *Id.* at 5. According to Cooper, his 2006 rescission letter had voided the bank's interest his property, discharged his debt, and required BANA to return any money it had received from him. Based on these allegations, Cooper sought "emergency injunctive and declaratory relief" and damages against BANA under TILA, including restitution for an alleged failure to make disclosures required by TILA when he purchased the property in 2003. *Id.* at 1.

BANA moved to dismiss Cooper's complaint for failure to state a claim. A magistrate judge recommended that the motion be granted on the grounds that Cooper's complaint was a non-specific "shotgun pleading" that failed to clearly indicate which facts supported the causes of action, and that it failed to state a TILA claim because his loan, obtained for a residential property, was exempt from TILA's rescission provisions. The magistrate judge further determined that Cooper's claim for monetary damages under TILA was time-barred. Over Cooper's objection, the district court adopted the magistrate judge's recommendation and granted the motion to dismiss without leave to amend. This is Cooper's appeal.

3

## II.    STANDARD OF REVIEW

We review *de novo* the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We construe *pro se* filings liberally. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

## III.    DISCUSSION

### A.    The District Court Correctly Concluded that Cooper Was Precluded from Rescinding His Loan Under TILA.

On appeal, Cooper argues that the district court erred in denying his claims for declaratory and injunctive relief because, under TILA, he is entitled to rescission of the loan transaction. We disagree. TILA permits a consumer whose consumer credit transaction is secured by the consumer's "principal dwelling" to rescind the loan transaction under certain circumstances. 15 U.S.C. § 1635(a). If, as relevant here, the lender fails to deliver the appropriate disclosures, the borrower may rescind the loan for up to three years after the transaction. *Id.* § 1635(f). "Residential mortgage transactions," however, are expressly excluded from the right of rescission. *Id.* § 1635(e)(1). The statute defines such transactions as those

"in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Id.* § 1602(x).

In this case, as the district court concluded, Cooper is precluded from rescinding his loan under TILA because he obtained the loan at issue to finance the purchase of his residence. According to Cooper's complaint and the documents it incorporates, he executed a promissory note with BANA for the initial purchase of his property on July 14, 2003. The warranty deed, dated July 14, 2003, shows that the property was transferred to Cooper and Michelle M. Cooper as joint tenants. And the security instrument shows that Cooper obtained the mortgage to secure the purchase of the property, identified as his principal residence. Therefore, as the district court concluded, the loan constitutes a residential mortgage transaction under TILA that is exempt from the statute's rescission provision.[3]

## B.    The District Court Correctly Determined that Cooper's Claim for Monetary Damages Was Time-Barred Under TILA.

Cooper also argues that the district court erred in concluding that his claim for damages was time-barred under TILA. We agree with the district court, however. Under TILA, if a creditor fails to make a required disclosure, the

---

[3] TILA also defines a "purchase money security interest arising under an installment sales contract" as a "residential mortgage transaction." 15 U.S.C. § 1602(x). Cooper argues that because the loan transaction here did not involve an installment contract, it is not a residential mortgage transaction. But Cooper cites no authority, and we find none, suggesting that because section 1602(x)'s definition includes "a security interest arising under an installment sales contract," only such contracts are "residential mortgage transactions." *Id.* We therefore reject his argument.

5

borrower may sue for statutory and actual damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This Court has held that TILA violations occur "when the transaction is consummated." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). "Nondisclosure is not a continuing violation for purposes of the statute of limitations." *Id.* Here, as the district court found, the transaction occurred in 2003. Because Cooper filed his complaint more than one year after the transaction was consummated, he is barred by the statute of limitations from bringing his claim for damages under TILA. The district court's finding was, therefore, correct.

**C.    The District Court Correctly Determined that Allowing Cooper Leave to Amend His Complaint Would Have Been Futile.**

Finally, the district court correctly determined that giving Cooper leave to amend his complaint would be futile because TILA clearly barred his claims. In general, a *pro se* litigant must be given an opportunity to amend his complaint. *Evans v. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017). However, a district court need not allow amendment where it would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, as discussed above, Cooper's claims are not cognizable under TILA, and thus a more carefully drafted complaint "would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* Accordingly, the district court properly dismissed Cooper's complaint without leave to amend.

## IV.    CONCLUSION

For these reasons, we affirm the district court's order granting the motion to dismiss.

**AFFIRMED.**